**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000


**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone 503-847-4329


Of Attorneys for Plaintiffs


# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION


| | |
|---|---|
| **ELISHA SOLANO**<br>**DONNA JUEL**<br>**RICK VENEMAN**<br>**PAUL RUGGLES**,<br>individually and on<br>behalf of other customers,<br><br>Plaintiffs,<br><br>v.<br><br>**THE KROGER CO.**<br>dba **FRED MEYER**,<br><br>Defendant. | Case No. 3:18-cv-1488<br><br>**CLASS ACTION**<br>**ALLEGATION**<br>**COMPLAINT**<br><br>Unlawful Trade Practices<br><br>Unjust Enrichment<br><br>Demand for Jury Trial |


**CLASS ACTION COMPLAINT** – Page 1 of 20

1.

**INTRODUCTION**

Plaintiffs file this class action on behalf of thousands of other Oregon Fred Meyer customers who were assessed bottle deposit charges on exempt beverages that could not be refunded under Oregon law. ORS 646.638 permits $200 statutory damages for every customer ripped off by Fred Meyer's reckless bottle deposit charge scam.

2.

Fred Meyer is owned by The Kroger Co., a national food retailer with over $120 billion in annual revenue. Fred Meyer understands that the retail industry involves tight profit margins and high sales volumes. Fred Meyer understands that it's profitable to collect 10-cent deposit charges on exempt beverages that its customers will never be able to exchange for a refund. Fred Meyer understands that Oregon law does not permit it to collect bottle deposit charges on exempt beverages but continues to overcharge its customers anyway.

3.

Oregon Fred Meyer customers who were assessed a 10-cent bottle deposit charge on an exempt beverage in the past year can learn more about their legal options at FredMeyerCustomers.com.

**CLASS ACTION COMPLAINT** – Page 2 of 20

4.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1332 because the refunds and penalties sought in this case exceed $5 million, and because plaintiffs are citizens of Oregon and Fred Meyer is a citizen of Ohio.

5.

Defendant The Kroger Co. (Fred Meyer) is an Ohio corporation and a "person" as defined at ORS 646.605(4) that regularly advertises beverages for sale to Oregon customers.

6.

Plaintiffs Alisha Solano, Donna Juel, Rick Veneman, and Paul Ruggles are Oregon citizens and Fred Meyer customers and "persons" as defined at ORS 646.605(4) who bought exempt beverages at an Oregon Fred Meyer store location for personal consumption.

7.

Venue is proper under 28 U.S.C. § 1391 because the bulk of Fred Meyer's sales of exempt beverages as alleged in this complaint took place in the Portland, Oregon area.

**CLASS ACTION COMPLAINT** – Page 3 of 20

8.

## FACTUAL ALLEGATIONS

Many beverages sold by Fred Meyer, including most beverages in bottles or cans that are sold in sealed glass, metal, and plastic, require a 10-cent deposit under Oregon law. Under Oregon law, Fred Meyer must charge customers a 10-cent refundable deposit for these beverages, in addition to the advertised product price. Under Oregon law, after customers have consumed these beverages, they may return their empty containers for a 10-cent refund. Under Oregon law, certain beverages are exempt from the 10-cent deposit. Exempt beverage containers cannot be returned for a 10-cent refund. "Exempt beverages" include certain products sold in cartons, drink boxes, and foil pouches.

9.

In July and August 2018, each plaintiff purchased an exempt beverage from Fred Meyer, and Fred Meyer collected a 10-cent deposit charge from them for each exempt beverage container. Fred Meyer did not disclose its 10-cent deposit charge in the advertisement of the exempt beverage prices to plaintiffs. A copy of Mr. Ruggles' receipt and the type of exempt beverage he purchased is below:



10.

Private investigation has revealed that Oregon Fred Meyer store locations in Forest Grove, Tualatin, Tigard, Wilsonville, Keizer, Salem, Albany, Springfield, and Eugene all regularly misrepresent the actual cost of certain exempt beverages, and all charge customers a 10-cent deposit on exempt beverages that cannot be returned for a refund under Oregon law. As explained below, Fred Meyer's choice to collect 10-cent deposits on exempt beverages violated Oregon's Unlawful Trade Practices Act in several ways.

**CLASS ACTION COMPLAINT** – Page 5 of 20

11.

The beverages that plaintiffs (and the putative class members) purchased from Fred Meyer ("exempt beverages") are consumer goods obtained primarily for personal, family or household purposes under ORS 646.605(6)(a).

12.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(b)) by causing the likelihood of confusion and misunderstanding as to whether the source of the additional 10-cent charge it added to the price of the exempt beverages was mandated by Oregon bottle deposit law and whether the 10-cent charge would be redeemable when the exempt beverage containers were returned.

13.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(b)) by causing the likelihood of confusion and misunderstanding that the 10-cent charge it added to the price of the exempt beverages was approved or certified by the Oregon legislature through the Oregon bottle deposit law and whether the 10-cent charge would be redeemable when the exempt beverage containers were returned.

14.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(e)) by representing that the exempt beverages had characteristics, uses, benefits, and qualities that they did not have, including that the exempt beverage containers would be redeemable in the amount of the 10-cent charge Fred Meyer added to the price of the exempt beverages, and by failing to disclose that the 10-cent charge it added to the price of exempt beverages would not be redeemable.

15.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(i)) by advertising on the price tags on its shelves that the exempt beverage containers would be redeemable in the amount of the 10-cent bottle deposit charge, with intent that the exempt beverage containers would not be redeemable in the amount of the 10-cent charge, or by charging the 10-cent charge at its registers and on its receipts without disclosing that the exempt beverage containers would not be redeemable in the amount of the 10-cent charge.

16.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(j)) by falsely and misleadingly representing on the price tags on its shelves, or at its registers or on its receipts, that the total price of the exempt beverages would be reduced in the amount of the 10-cent bottle deposit charge when the exempt beverage containers were redeemed for the 10-cent charge, and failing to disclose that the exempt beverage containers could not be redeemed in the amount of the 10-cent charge that was added by Fred Meyer.

17.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(s)) by making false and misleading representations about the total cost its customers would pay for its exempt beverages, including by falsely and misleadingly representing on the price tags on its shelves, or at its registers or on its receipts, that the total price of the exempt beverages would be reduced in the amount of the 10-cent bottle deposit charge when the exempt beverage containers were redeemed for the 10-cent charge, and failing to disclose that the exempt beverage containers could not be redeemed in the amount of the 10-cent charge that was added by Fred Meyer.

18.

Fred Meyer violated Oregon's Unlawful Trade Practices Act (ORS 646.608(1)(t) by, concurrent with tender and delivery of beverages that were exempt from a 10-cent bottle deposit charge under Oregon law, knowingly failing to disclose that the 10-cent charge bottle deposit it charged did not conform to Oregon bottle deposit law, and by failing to disclose that the exempt beverage containers were in fact not redeemable in the amount of the 10-cent charge under Oregon law.

19.

Fred Meyer's violations of Oregon's Unlawful Trade Practices Act above were willful and reckless because Fred Meyer knew it could not charge customers a 10-cent deposit on exempt beverages and chose to do so anyway. Fred Meyer recklessly continued to violate Oregon's Unlawful Trade Practices Act by charging 10-cent deposits on exempt beverages, even after receiving repeated complaints from plaintiffs and other customers.

20.

As a result of Fred Meyer's violations of Oregon's Unlawful Trade Practices Act as alleged above, plaintiffs and thousands of other Oregon customers suffered ascertainable losses of the 10-cent bottle deposit charges that Fred Meyer unlawfully added on to the exempt beverages. plaintiffs and each member of the putative Oregon class suffered actual ascertainable loss of the 10-cents they were charged by, and paid to, Fred Meyer, which was not redeemable upon return of the exempt beverage containers, and which was 10-cents more than plaintiffs and the putative class should, and would, have paid for the same exempt beverages at Fred Meyer, but for Fred Meyer's unlawful representations and omissions in violation of the UTPA as alleged in this complaint.

21.

## CLASS ACTION ALLEGATIONS

Under FRCP 23, plaintiffs bring this action on behalf of themselves and all other similarly situated Oregon Fred Meyer customers. The class is initially defined as:

a) Oregon Fred Meyer customers, who, after January 1, 2018,

b) paid a 10-cent deposit charge to Fred Meyer on an exempt beverage in a container that could not be returned for a refund under Oregon law.

22.

A class action is proper under FRCP 23(a) because based on the number of Fred Meyer stores in Oregon, and based on information that Fred Meyer's unlawful behavior took place in stores from Portland to Eugene, the class consists of thousands of individual Oregon customers, and joinder of all members is impracticable. Each class member is identifiable based on Fred Meyer's receipts, Fred Meyer's credit card transactions, and based on independently submitted claim forms. Excluded from the class are all attorneys for the class, executives of Fred Meyer, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

23.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether Fred Meyer caused the likelihood of confusion and misunderstanding as to the source of the additional 10-cent charge it added to the price of the exempt beverages,

b) Whether Fred Meyer caused the likelihood of confusion and misunderstanding that the 10-cent charge it added to the price of the exempt beverages was approved or certified by the Oregon legislature through the Oregon bottle deposit law,

c) Whether Fred Meyer represented that the exempt beverages had characteristics, uses, benefits, and qualities that they did not have, including that the exempt beverage containers would be redeemable in the amount of the 10-cent charge Fred Meyer added to the price of the exempt beverages, and by failing to disclose that the 10-cent charge it added to the price of exempt beverages would not be redeemable,

**CLASS ACTION COMPLAINT** – Page 12 of 20

d) Whether Fred Meyer represented that the exempt beverages had characteristics, uses, benefits, and qualities that they did not have, including that the exempt beverage containers would be redeemable in the amount of the 10-cent charge Fred Meyer added to the price of the exempt beverages, and by failing to disclose that the 10-cent charge it added to the price of exempt beverages would not be redeemable,

e) Whether Fred Meyer represented that the total price of the exempt beverages would be reduced in the amount of the 10-cent bottle deposit charge when the exempt beverage containers were redeemed for the 10-cent charge, and failing to disclose that the exempt beverage containers could not be redeemed in the amount of the 10-cent charge that was added by Fred Meyer,

f) Whether Fred Meyer advertised its exempt beverages as having a certain cost, with the intent not to provide its exempt beverages for the advertised cost,

g) Whether Fred Meyer advertised its bottle deposits on exempt items as refundable, with the intent to provide customers beverage containers that could not be returned for a refund,

h) Whether Fred Meyer made false and misleading representations about the cost its customers would pay for its exempt beverages,

i) Whether Fred Meyer, concurrent with tender and delivery of beverages that were exempt from a bottle deposit under Oregon law, knowingly failed to disclose that the 10-cent charge bottle deposit it charged did not conform to Oregon bottle deposit law, and whether it knowingly failed to that the exempt beverage containers were in fact not redeemable in the amount of the 10-cent charge under Oregon law,

j) Whether Fred Meyer behaved willfully, recklessly or maliciously, whether Fred Meyer's behavior as alleged in this complaint violated Oregon's Unlawful Trade Practices Act, and whether under Oregon law, Fred Meyer should be able to retain the 10-cent bottle deposits it wrongfully collected.

24.

Plaintiffs' claims are typical of the claims of the class members, as they are based on the same factual circumstances, common representations, common omissions, and legal theories. Plaintiffs have no interests adverse to the class members. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. Plaintiffs have retained nationally known and locally respected counsel experienced in class action litigation to further ensure such representation and protection of the class. Plaintiffs and their counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

25.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Few, if any, class members can afford to prosecute individual actions against Fred Meyer, especially in light of the unlawful 10-cent charge at issue. Absent class treatment, Fred Meyer's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

26.

The nature of the 10-cent charge at issue means that very few, if any class members will choose to litigate a claim on an individual basis. This case is only economically viable as a class action.

27.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Fred Meyer's behavior as alleged in this complaint predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions due to the nature of the 10-cent charge at issue and because of the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions, and

e) A class action will be an efficient method of adjudicating the claims of the class members.

**CLASS ACTION COMPLAINT** – Page 16 of 20

28.

## CLAIMS FOR RELIEF

### – Claim 1 for Violation of the UTPA –

Fred Meyer's behavior as alleged in this complaint willfully and recklessly violated Oregon's Unlawful Trade Practices Act, including ORS 646.608(1)(b), (e), (i), (j), (s), and (t), causing customers ascertainable losses of 10-cent bottle deposits on exempt beverages that they could have purchased for 10-cents less, for containers that also could not be turned in for a 10-cent refund, but for Fred Meyer not unlawfully adding in an unlawful 10-cent deposit charge on the exempt beverages.

29.

Fred Meyer's behavior as alleged in this complaint was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the rights of plaintiffs and the putative class members to be free from unlawful trade practices. As a result of Fred Meyer's violation of Oregon's Unlawful Trade Practices Act as alleged above, plaintiffs and all other similarly situated individual customers are entitled to actual damages or $200 statutory damages, punitive damages, and reimbursed litigation expenses, fees and costs under ORS 646.638.

30.

**– Claim 2 for Unjust Enrichment –**

As a matter of justice and equity, Fred Meyer should not be able to retain the 10-cent charge it wrongfully collected from plaintiffs and the putative class under these circumstances. Plaintiffs and the putative class are entitled to restitution based on Fred Meyer's unjust enrichment as alleged in this complaint.

31.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiffs seek relief as follows:

**A.** An order that this case may proceed as a class action and an order that Fred Meyer violated Oregon's Unlawful Trade Practices Act,

**B.** An order and judgment in favor of plaintiffs and the class against Fred Meyer for damages determined to have been sustained by them, including actual damages or $200 statutory damages, punitive damages, and equitable relief and reimbursement of their litigation expenses, fees and costs,

**C.** An order and judgment in favor of plaintiffs and the class against Fred Meyer for maximum pre-judgment and post-judgment interest, and

**D.** For any other relief this Court may determine is fair and proper.

August 13, 2018

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiffs
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**CLASS ACTION COMPLAINT** – Page 19 of 20

## PROOF OF MAILING

I declare and certify that on the date below I caused a copy of this complaint to be mailed to the following:

> **Ellen Rosenblum**
> **Oregon Attorney General**
> **Oregon Department of Justice**
> **1162 Court Street NE**
> **Salem, Oregon 97301-4096**

August 13, 2018

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiffs
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**CLASS ACTION COMPLAINT** – Page 20 of 20