**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Telephone:  (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 757-8016

[Additional Counsel Listed on Signature Page]

Attorneys for Defendant
The Kroger Co., dba Fred Meyer

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELISHA SOLANO, DONNA JUEL, RICK VENEMAN, PAUL RUGGLES, LIANE JONES, ROBERT ANDERSON, SCOTT PENNETT, KRYSTYNA MILLER, THOMAS AHLES, ARLENE JOHNSTON, BRIAN GLEASON, CLAYTON BISHOP, LINDSEY ROBY, LINDA MADSEN, ELIZABETH GOTHAM, HOLLY SIMONE, MELISSA BUCKHANNON, WILLIAM ORLEMAN, KATHLEEN ZACH, KINDRA TAPPAN, MICHAEL TEEGARDEN, ANAND SATHYARAJ, ERIC LEE, CAROLYN ESPINOZA, DENISE CONROY**, individually and on, behalf of other customers, | Case No. 3:18-CV-01488-AC <br><br> **DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION ALLEGATION COMPLAINT** <br><br> REQUEST FOR ORAL ARGUMENT |
| **PLAINTIFFS**, <br><br> v. <br><br> **THE KROGER CO., dba FRED MEYER**, <br><br> **DEFENDANT**. | |

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................11

II.   FACTUAL BACKGROUND ....................................................................13

    A.    The Oregon Legislature Enacts the Bottle Bill ....................................13

    B.    Plaintiffs Allege Fred Meyer Violated the Bottle Bill ..........................13

    C.    Plaintiffs Allege Limited Factual Details ............................................14

III.  PLAINTIFFS' ACTION DOES NOT BELONG IN THIS COURT ...............................15

    A.    The Tax Injunction Act Requires Dismissal of Plaintiffs' Claims. .......................15

        1.    Plaintiffs Challenge the "Tax" Imposed by the Oregon Bottle Bill..........16

            a.    "Tax" is Construed Broadly to Include Mandatory Subsidies Serving the Public Benefit. ...........................16

            b.    The Bottle Bill Charge Imposed by the Oregon Legislature Constitutes a "Tax." ....................................19

                (1)    The Oregon Legislature Imposed the Tax. ......................19

                (2)    The Tax Is Imposed on a Broad Class. ...........................20

                (3)    The Tax Supports Oregon's Public Purpose....................20

        2.    Oregon Provides a "Plain, Speedy, and Efficient" Remedy. ....................21

    B.    Principles of Comity Similarly Require the Court to Dismiss..............................22

IV.  PLAINTIFFS' CLAIMS FAIL FOR FAILURE TO ALLEGE ANY DAMAGE CAUSED BY FRED MEYER .......................................................................23

    A.    Plaintiffs' Allegations Fail to Satisfy Rule 9(b). ..................................23

    B.    Plaintiffs' Failure to Plead Causation or Damages Requires Dismissal of Each Cause of Action.......................................25

        1.    Nineteen of the Named Plaintiffs Provided No Details Whatsoever Regarding Their Claims. .........................25

        2.    As to the Remaining Six Plaintiffs, the Damage and Causation Allegations Fail to Satisfy Rule 9(b). .........................26

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a.    Plaintiffs Fail to Allege Damages and Causation Under the UTPA. ........................................................................ 27

(1)    The UTPA Requires an "Ascertainable Loss" Caused by Fred Meyer. ...................................... 27

(2)    Plaintiffs Fail to Allege Ascertainable Loss. ................... 28

(a)    The "Product Purchase Price" Theory Fails. .........28

(b)    The "Diminished Value" Theory Fails. .................29

(c)    The "Illegal Charge" Theory Is Inapplicable.........30

b.    The Elder Abuse Claim Also Fails for Lack of Causation and Damages. ................................................................ 31

c.    The Unjust Enrichment Claim Also Fails for Lack of Causation and Damages. ............................................. 31

3.    Plaintiffs Fail to Even Allege What They Purportedly Relied Upon.........32

V.    PLAINTIFFS' UTPA CLAIM FAILS FOR ADDITIONAL REASONS........................33

A.    Plaintiffs Fail to Allege an "Unlawful Trade Practice." ........................................33

1.    Plaintiffs Fail to Allege a Representation Regarding "Real Estate, Goods or Services." ..........................................................33

2.    Plaintiffs' Theories Require Allegations Relating to "Real Estate, Goods or Services." ..........................................................34

3.    The 10-Cent Bottle Deposit Is Not a Tangible "Good."............................35

B.    Plaintiffs Also Fail to Allege Violations of Several Subsections of the UTPA. ..............................................................37

C.    Plaintiffs Fail to Allege a "Willful" Violation Under the UTPA...........................38

VI.    CONCLUSION.........................................................................40

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Can Co. v. Or. Liquor Control Com.*,
  15 Or. App. 618, 517 P.2d 691 (1973)........................................................................13, 19, 21

*Arkansas v. Farm Credit Servs.*,
  520 U.S. 821 ...............................................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 ...........................................................................................................29, 38

*Attilla v. Douglas Cty.*,
  2012 U.S. Dist. LEXIS 88959 (D. Or. June 26, 2012) ...........................................22

*Bank of N.Y. Mellon v. Stabenow*,
  2017 U.S. Dist. LEXIS 63454 (D. Or. Apr. 25, 2017) ...........................................32

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................32

*Besser v. Chapple*,
  2009 U.S. Dist. LEXIS 140863 (C.D. Cal. Sep. 18, 2009)....................................26

*Bibiji Inderjit Kaur Puri v. Khalsa*,
  674 F. App'x 679 (9th Cir. 2017) ........................................................................24, 31

*Bidart Bros. v. Cal. Apple Comm'n*,
  73 F.3d 925 (9th Cir. 1996) ............................................................................16, 17, 19, 20

*Blangeres v. Burlington N., Inc.*,
  872 F.2d 327 (9th Cir. 1989) ...................................................................................16

*Butler v. Maine Supreme Judicial Court*,
  767 F. Supp. 17 (D. Me. 1991) ................................................................................17

*Cabral v. Caesars Entm't Corp.*,
  2018 U.S. Dist. LEXIS 104129 (D. Nev. June 11, 2018).......................................20

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ..................................................................................24

*Chavez v. Wal-Mart Stores, Inc.*,
  2014 U.S. Dist. LEXIS 194351 (C.D. Cal. June 2, 2014) ......................................26

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Colquitt v. Mfrs. & Traders Tr. Co.*,
   144 F. Supp. 3d 1219 (D. Or. 2015) ....................................................................33

*Colquitt v. Mfrs. & Traders Tr. Co.*,
   2016 U.S. Dist. LEXIS 44399 (D. Or. Apr. 1, 2016) ...........................................32

*Cullen v. Inv. Strategies*,
   139 Or. App. 119, 911 P.2d 936 (1996)...............................................................35

*Cumberland Farms v. Tax Assessor*,
   116 F.3d 943 (1st Cir. 1997)................................................................................18

*Deloe v. Dep't Stores Nat'l Bank*,
   2017 U.S. Dist. LEXIS 149315 (D. Or. Aug. 18, 2017).......................................32

*Denson v. Ron Tonkin Gran Turismo, Inc.*,
   279 Or. 858, 566 P.2d 1177 (1977) .....................................................................37

*Dep't of Consumer & Bus. Servs. v. Muliro*,
   359 Or. 736, 380 P.3d 270 (2016) .......................................................................34

*Donaldson v. Williams*,
   2012 U.S. Dist. LEXIS 158642 (D. Or. Sep. 6, 2012)....................................22, 23

*Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ...............................................................................38

*Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*,
   651 F.3d 722 (7th Cir. 2011) ..........................................................................18, 20

*F.D.S. Marine, LLC v. Shaver Transp. Co.*,
   2001 U.S. Dist. LEXIS 7787 (D. Or. May 25, 2001) ...........................................34

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*,
   454 U.S. 100 (1981)..............................................................................................23

*Fauley v. Wash. Mut. Bank, FA*,
   2014 U.S. Dist. LEXIS 38460 (D. Or. Feb. 19, 2014)..........................................27

*Feitler v. The Animation Celection, Inc.*,
   170 Or. App. 702, 13 P.3d 1044 (2000)...............................................................27

*Graham v. Kold Kist Beverage Ice, Inc.*,
   43 Or. App. 1037, 607 P.2d 759 (1979)..........................................................34, 36

*Harney v. Associated Materials, Inc.*,
   2018 U.S. Dist. LEXIS 8124 (D. Or. Jan. 18, 2018) ............................................27

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Hernandez v. Creative Concepts, Inc.*,
   295 F.R.D. 500 (D. Nev. 2013)................................................................25

*Hexom v. Or. DOT*,
   177 F.3d 1134 (9th Cir. 1999) ..............................................................16

*In re Apple & AT&TM Antitrust Litig.*,
   596 F. Supp. 2d 1288 (N.D. Cal. 2008) ................................................26

*Ind. Waste Sys., Inc. v. County of Porter*,
   787 F. Supp. 859 (N.D.Ind.1992) ....................................................17, 21

*Jones v. Idaho Legislative Representatives*,
   2017 U.S. Dist. LEXIS 153682 (D. Idaho Sep. 19, 2017)......................25

*Katherin v. City of Evanston*,
   752 F.3d 680 (7th Cir. 2014) ................................................................17

*Kearney v. Equilon Enters.*,
   LLC, 65 F. Supp. 3d 1033 (D. Or. 2014) ..............................................24

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..............................................................24

*Lamm v. Amfac Mortg. Corp.*,
   44 Or. App. 203, 605 P.2d 730 (1980)..............................................33, 35

*Lavis v. Bayless*,
   233 F. Supp. 2d 1217 (D. Ariz. 2001) ..................................................21

*Levin v. Commerce Energy, Inc.*,
   560 U.S. 413 (2010)..............................................................................22

*Lowe v. Washoe Cty.*,
   627 F.3d 1151 (9th Cir. 2010) ..............................................................22

*Marvin F. Poer & Co. v. Ctys. of Alameda*,
   725 F.2d 1234 (9th Cir. 1984) ..............................................................15

*MCI Communs. Servs. v. City of Eugene*,
   2007 U.S. Dist. LEXIS 75602 (D. Or. Oct. 9, 2007)............................20

*McKie v. Sears Prot. Co.*,
   2011 U.S. Dist. LEXIS 47967 (D. Or. Feb. 22, 2011)......................24, 38

*Mendoza v. Lithia Motors, Inc.*,
   2017 U.S. Dist. LEXIS 4716 (D. Or. Jan. 11, 2017) ......................29, 38

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Mendoza v. Lithia Motors, Inc.*,
   2018 U.S. Dist. LEXIS 50193 (D. Or. Mar. 27, 2018) ...........................................37

*Pearson v. Philip Morris, Inc.*,
   358 Or. 88, 361 P.3d 3 (2015) ....................................................................... *passim*

*Roach v. Mead*,
   76 Or. App. 83, 709 P.2d 246 (1985) .....................................................................35

*Rosewell v. LaSalle Nat'l Bank*,
   450 U.S. 503 (1981) ................................................................................................21

*Sanders v. Francis*,
   277 Or. 593, 561 P.2d 1003 (1977) ........................................................................27

*Scharfstein v. BP W. Coast Prods., LLC*,
   292 Or. App. 69, 423 P.3d 757 (2018) ...................................................................30

*Silva v. Unique Bev. Co., LLC*,
   2017 U.S. Dist. LEXIS 179362 (D. Or. Oct. 30, 2017) .....................................28, 29

*Silva v. Unique Bev. Co., LLC*,
   2017 U.S. Dist. LEXIS 93625 (D. Or. June 15, 2017) .......................................24, 28

*Sipe v. Amerada Hess Corp.*,
   689 F.2d 396 (3d Cir. 1982) ...................................................................................17

*Smith v. Or. Dep't of Revenue*,
   2004 U.S. Dist. LEXIS 18508 (D. Or. Sep. 6, 2004) ..............................................22

*Stewart v. Mortg. Elec. Reg. Sys.*,
   2010 U.S. Dist. LEXIS 26291 (D. Or. Feb. 9, 2010) ..............................................31

*Stoss v. JPMorgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 185150 (D. Or. Dec. 19, 2013) ..........................................34

*Swango v. Nationstar Sub1, LLC*,
   292 F. Supp. 3d 1134 (D. Or. 2018) .......................................................................31

*Teater v. Pfizer, Inc.*,
   2013 U.S. Dist. LEXIS 79629 (D. Or. May 13, 2013) .............................................31

*Terrestrial Corp. v. Caffrey*,
   205 F.3d 130 (4th Cir. 2000) .............................................................................17, 21

*Tillman v. Reverse Mortg. Sols.*,
   2018 U.S. Dist. LEXIS 161018 (D. Or. July 31, 2018) ......................................32, 33

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Tocci v. Napolitano*,
   791 F. Supp. 2d 994 (D. Or. 2011) ................................................................15

*Tri-West Constr. Co. v. Hernandez*,
   43 Or. App. 961, 607 P.2d 1375 (1979)..........................................................31

*United States v. Galletti*,
   541 U.S. 114 (2004)........................................................................................19

*United States v. Oregon*,
   2011 U.S. Dist. LEXIS 1107 (D. Or. Jan. 4, 2011) ......................................22, 23

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 ................................................................................................24

*Vettrus v. Bank of Am., Nat'l Ass'n*,
   2012 U.S. Dist. LEXIS 162442 (D. Or. Nov. 5, 2012)...................................32

*Vinci v. Hyundai Motor Am.*,
   2018 U.S. Dist. LEXIS 139979 (C.D. Cal. Apr. 10, 2018) .............................24

*Winn v. Killian*,
   311 F.3d 1011 (9th Cir. 2002) .......................................................................19

*Wood v. Nationstar Mortg., LLC*,
   2017 U.S. Dist. LEXIS 128782 (D. Or. Aug. 14, 2017)..................................27

*Wright v. McClain*,
   835 F.2d 143 (6th Cir. 1987) .........................................................................17

*Wright v. Riveland*,
   219 F.3d 905 (9th Cir. 2000) .........................................................................16

**Statutes**

28 U.S.C. § 1341..............................................................................................15, 16

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**ORS**

124.110(1) .......................................................................................................................31
124.110(1)(a) ..................................................................................................................31
305.405 ............................................................................................................................22
305.410 ..............................................................................................................11, 22, 23
459A.700 .........................................................................................................................20
459A.700 *et seq.* ...........................................................................................................11
459A.705 ....................................................................................................................13, 19
459A.710(1) ...............................................................................................................13, 19
646.605(6)(a) ..................................................................................................................34
646.605(10) .....................................................................................................................38
646.608 ............................................................................................................................27
646.608(1)(k) ..................................................................................................................38
646.608(1)(u) ..................................................................................................................30
646.608(1)(u) ..................................................................................................................33
646.608(4) .......................................................................................................................33
646.638(1) .......................................................................................................................38
646.638(8)(a) .............................................................................................................27, 39

**Rules**

**Fed. R. Civ. P.**

8 ................................................................................................................................ *passim*
9(b) ........................................................................................................................... *passim*
12(b)(1) ............................................................................................................................15
12(b)(6) ............................................................................................................................10

**L.R. 7-1** ........................................................................................................................10

**Or. R. Civ. P.**

32A(5) ..............................................................................................................................12
32H ...................................................................................................................................12

**Or. Tax Court R.**

32A(5) ..............................................................................................................................12
32H ...................................................................................................................................12

**Regulations**

**OAR 137-020-0150** ......................................................................................................30

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## LR 7-1 CERTIFICATE OF COMPLIANCE

Counsel for The Kroger Co., dba Fred Meyer ("Fred Meyer") conferred with counsel for Elisha Solano, Donna Juel, Rick Veneman, Paul Ruggles, Liane Jones, Robert Anderson, Scott Pennett, Krystyna Miller, Thomas Ahles, Arlene Johnston, Brian Gleason, Clayton Bishop, Lindsey Roby, Linda Madsen, Elizabeth Gotham, Holly Simone, Melissa Buckhannon, William Orleman, Kathleen Zach, Kindra Tappan, Michael Teegarden, Anand Sathyaraj, Eric Lee, Carolyn Espinoza, and Denise Conroy ("Plaintiffs") regarding the subject of this motion by telephone on January 10, 2019, but the parties were unable to reach agreement.

## MOTION

As explained in the following memorandum of law, Fred Meyer respectfully moves for an order dismissing Plaintiffs' Amended Class Action Allegation Complaint (the "Amended Complaint") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 8, and 9(b) for lack of subject-matter jurisdiction and failure to state a claim.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

<u>**MEMORANDUM OF LAW**</u>

## I.     INTRODUCTION

In this putative class action, Plaintiffs attempt a roundabout challenge to the tax scheme crafted by the Oregon Legislature through the Oregon "Beverage Container Act," ORS 459A.700 *et seq.* (the "Bottle Bill").

The Bottle Bill requires retailers like Fred Meyer to pay a 10-cent tax for beverage container sold in Oregon and returned by customers to Fred Meyer stores.  This indirect taxation system—the first of its kind—encourages recycling by compelling Oregon retailers to subsidize state recycling programs by forcing payments to citizens who present bottles for recycling.  As part of the process, retailers may include in the sale of those containers a "deposit" for those beverages.  Plaintiffs filed this putative class action because they do not like that Fred Meyer charged the deposit on certain items.  In particular, Plaintiffs allege Fred Meyer improperly charged the deposit to recoup the state-mandated tax on sales of certain containers that, in their view, are not subject to the tax.

Plaintiffs' claims face numerous fundamental and insurmountable hurdles.  The Court should dismiss the Amended Complaint with prejudice because (1) this action to enforce the Bottle Bill has no place in this Court, (2) Plaintiffs' allegations do not meet federal pleading standards, and (3) Plaintiffs' fail to plead essential elements of their claims under Oregon law.

***This Court Is the Wrong Forum for These Tax-Based Claims.***  This lawsuit must be dismissed because it amounts to an attack on the Bottle Bill's mandatory tax, which federal law bars in federal court.  In particular, the Tax Injunction Act deprives this Court of jurisdiction to hear this claim, a mandate that is doubly imposed by principles of comity.  If Plaintiffs wish to bring these claims, they must do so in Oregon state court—*i.e.*, in Oregon's specialized tax court as required by ORS 305.410 (or, alternatively, in Oregon state circuit court as Plaintiffs may

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

contend)—after complying with the appropriate rules and procedures for such a claim (including the mandatory 30-day pre-litigation notice and cure provision).[1]

**_Plaintiffs Fail to Allege Any Damages Caused by Fred Meyer._**  Even if this Court were to consider these claims (it should not), all the causes of action fail because Plaintiffs did not suffer any injury caused by Fred Meyer.  Federal Rules of Civil Procedure 8 and 9(b) require Plaintiffs to plead plausible and specific factual allegations demonstrating that they relied on actions by Fred Meyer and incurred damages as a result.  Plaintiffs do not do so.  To the contrary, the Amended Complaint confirms that Plaintiffs *cannot* satisfy these standards because none of them ever attempted to return the containers.  Without an attempted return, none of the Plaintiffs was deprived of any deposit or harmed in any way.  Further highlighting these pleading failures, 19 of the 25 named Plaintiffs make no allegations whatsoever regarding their transactions with Fred Meyer; the remaining six attached partial receipts obscuring pertinent factual information regarding their purchase; and none of the 25 Plaintiffs identifies the purported representations Fred Meyer made regarding the 10-cent deposit they claim was misleading.  Nor do Plaintiffs allege that they could have purchased the same products for less money elsewhere as a result of the deposit, such that there could be some identifiable injury.  Without these basic allegations, none of their causes of action—for violation of the UTPA, unjust enrichment, or elder abuse—can stand.

**_Plaintiffs' UTPA Claim Fails for Additional Reasons._**  Plaintiffs' Unfair Trade Practices Act ("UTPA") claim fail for myriad other reasons.  To state a claim under the UTPA, Plaintiffs must allege a qualifying "unlawful trade practice" and "willful" conduct in connection with the sale of "real estate, goods or services."  This requirement is not satisfied in this case because Plaintiffs have no claim relating to "real estate" or "services," and do not cite any

---

[1] Whether in Oregon Tax Court or Oregon state circuit court, the applicable rules allow class actions "only if" the plaintiffs "have complied with the prelitigation notice provisions of section H of this rule," which requires 30 days' written notice *before* filing the action, and an opportunity for the potential defendant to investigate and correct any alleged wrongs.  Or. Tax Court R. 32A(5), 32H; Or. R. Civ. P. 32A(5), 32H.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

misrepresentation of a "good" as all their allegations relate to the 10-cent *deposit*, which does not constitute a "good" under the statute.  Plaintiffs also do not allege Fred Meyer's purported violation of the Bottle Bill was "willful."

Given the irremediable nature of the legal defects outlined above, the Court should dismiss Plaintiffs' claims, with prejudice.

## II.    FACTUAL BACKGROUND

### A.    The Oregon Legislature Enacts the Bottle Bill

The Oregon Legislature enacted the Bottle Bill in 1971 to comprehensively address the problem of litter caused by unredeemed beverage containers.  *See Am. Can Co. v. Or. Liquor Control Com.*, 15 Or. App. 618, 623, 517 P.2d 691, 694 (1973) (the "primary legislative purpose of the bottle bill [was] to cause bottlers" to use returnable bottles "toward the goals of reducing litter and solid waste in Oregon").  In particular, to solve this public problem, the Legislature imposed mandatory refund tax on various beverage containers sold in Oregon, which is presently set at 10-cents per container.  *See* ORS 459A.705.  All Oregon beverage retailers, including Fred Meyer, are required to accept empty containers and pay the depositor 10 cents for each returned container, as a payment and subsidy to those Oregon citizens who collect and return recyclables. *See* ORS 459A.710(1).

### B.    Plaintiffs Allege Fred Meyer Violated the Bottle Bill

Defendant The Kroger Co. is an Ohio corporation that operates a chain of supermarkets called "Fred Meyer."  (*See* Am. Compl., ECF No. 5, ¶ 3.)  Through this putative class action, Plaintiffs challenge Fred Meyer's sale of beverage to customers who, like them, allegedly paid 10 cents for bottle "deposits."  (*Id.* ¶¶ 1, 8-14.)

The gravamen of the Amended Complaint is that Fred Meyer violated the Bottle Bill: Fred Meyer allegedly was calculating that it would collect the 10-cent deposit tax on certain beverage containers—Florida's Natural orange juice—for which the Bottle Bill (Plaintiffs speculate) did not require such payment.  (*Id.* ¶¶ 7-8, 18.)  Plaintiffs *never* actually attempted to

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

return a single container, and therefore rely on speculation that Fred Meyer would not pay them the mandatory 10-cent charge if they had tried.  Based on this conjecture, they allege that the 10-cent deposit that Plaintiffs paid was allegedly improper.  (*Id.* ¶¶ 1, 8-14.)

As the Amended Complaint recognizes, all of Plaintiffs' complaints regarding the applicability of the 10-cent deposit, the exempt status of certain beverage containers, and the purported redeemability of those containers stem from the requirements of the Bottle Bill.  (*See* Am. Compl. ¶¶ 1, 7, 8, 16, 18.)  No other law imposes, excuses, or modifies these requirements.

Despite alleging violations of the Bottle Bill, Plaintiffs do not bring claims under the Bottle Bill—presumably because they recognize that it provides no private right of action. Plaintiffs instead assert claims for (1) violation of the UTPA; (2) unjust enrichment; and (3) elder abuse in violation of ORS 124.005 *et seq.*—all based on the 10-cent deposit they say the Bottle Bill does not authorize.  (*Id.* ¶¶ 35-37.)  Based on the purported violations of the UTPA, Plaintiffs seek statutory damages of $200 per violation, attorneys' fees, and punitive damages. (*Id.* ¶ 35.)

### C.    Plaintiffs Allege Limited Factual Details

Based on the caption of the Amended Complaint, there are 25 separate individual Plaintiffs in this action.  Nonetheless, there are no specific factual allegations in the body of the complaint regarding 19 of them.  There are no allegations about when they purchased the products except generalized statements that it was "[a]fter January 1, 2018."  (Am. Compl. ¶ 8.) There is no detail as to the Fred Meyer store where they purchased the product.  (*See id.*)  It is unknown what "exempt beverage" they purchased from Fred Meyer.  (*See id.*)

For six of the Plaintiffs, the Amended Complaint includes "redacted" or partial copies of receipts purporting to show their purchase of Florida's Natural orange juice and the 10-cent deposit they made.  (*See* Am. Compl. ¶¶ 9-14.)  For many of the receipts, the date, time, and address of the purported purchases is obscured.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

There is also a general allegation that a "[p]rivate investigation" showed that Oregon Fred Meyer stores "regularly misrepresent the actual cost of certain exempt beverages." (*See* Am. Compl. ¶ 15.) Plaintiffs do not identify what "exempt beverages" they mean and allege no information regarding what was advertised about any product, when the investigation occurred, and the universe of stores allegedly in violation of laws. The rest of the Amended Complaint sets forth the legal claims, class allegations, and requests for relief. (*See id.* ¶¶ 16-39.)

### III.    PLAINTIFFS' ACTION DOES NOT BELONG IN THIS COURT

This action has no place in this Court. In particular, Plaintiffs cannot meet their burden to demonstrate this Court has jurisdiction because: (a) the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA") precludes district court challenges of state tax issues, and (b) principles of comity prevent intrusion into state-tax affairs. The Court should therefore dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

### A.    The Tax Injunction Act Requires Dismissal of Plaintiffs' Claims.

The Court should dismiss this case for lack of subject-matter jurisdiction under the TIA. The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Because the TIA deprives the Court of jurisdiction, dismissal is required under Federal Rule of Civil Procedure 12(b)(1) unless Plaintiffs can meet their burden to demonstrate the existence of federal jurisdiction. *See, e.g.*, *Tocci v. Napolitano*, 791 F. Supp. 2d 994, 996 (D. Or. 2011) ("The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims."). The TIA bar is not limited to injunctive relief but bars suits for monetary relief as well. *See Marvin F. Poer & Co. v. Ctys. of Alameda*, 725 F.2d 1234, 1236 (9th Cir. 1984).

Under the TIA, federal courts should dismiss cases for lack of jurisdiction under the TIA if (a) the plaintiff's complaint seeks to use the court to attack an "assessment, levy or collection

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

of any tax under State law" and (b) "a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Both prongs are satisfied in this case.

> **1.  Plaintiffs Challenge the "Tax" Imposed by the Oregon Bottle Bill.**
>
> **a.  "Tax" is Construed Broadly to Include Mandatory Subsidies Serving the Public Benefit.**

"Federal law determines whether an assessment qualifies as a 'tax' for purposes of the TIA."  *Wright v. Riveland*, 219 F.3d 905, 911 (9th Cir. 2000).  Under federal law, the TIA constitutes a "broad jurisdictional barrier" to "confine federal-court intervention in state government.'"  *Arkansas v. Farm Credit Servs.*, 520 U.S. 821, 826.  To effectuate this purpose, "[f]ederal courts *liberally define* and *broadly apply* the term 'tax' under the Act."  17A Moore's Fed. Prac. 3d § 121.41[2][b] (emphases added).

This "jurisdictional barrier" is not limited to direct challenges to the assessment, levy, and collection of income taxes, excise taxes, or other typical "taxes."  Rather, the TIA withdraws federal jurisdiction over actions that would *indirectly* restrain state efforts to enforce its tax laws.  *See Blangeres v. Burlington N., Inc.*, 872 F.2d 327, 328 (9th Cir. 1989) ("The fact that the injunction would restrain assessment indirectly rather than directly does not make the [TIA] inapplicable.").

Courts take a "pragmatic and sensible approach" to determining whether the case at issue would impinge the state law's general purposes of creating a public benefit, not whether the law is deemed a "tax" per se.  *Hexom v. Or. DOT*, 177 F.3d 1134, 1137 (9th Cir. 1999) (the Ninth Circuit follows other courts that "take a practical and sensible approach" and "do not apply a set of rigid rules or elements and then reach a mechanical conclusion").

The TIA case law has "sketched a spectrum with a paradigmatic tax at one end and a paradigmatic fee at the other."  *Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925, 930 (9th Cir. 1996).  Most cases, which "lie near the middle of this spectrum," tend to "emphasize the revenue's ultimate use, asking whether it provides a general benefit to the public, of a sort often

Page 16 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

financed by a general tax, or whether it provides more narrow benefits to regulated companies or defrays the agency's costs of regulation." *Id.*

While the Ninth Circuit has not addressed whether the Bottle Bill's mandatory retailer-charge provisions constitute a tax, cases from other circuits offer substantial guidance in determining whether unique state-imposed charges constitute a "tax" for TIA purposes. In particular, the Ninth Circuit has cited with approval authority holding that a recycling program that generates funds not deposited in the state's general fund—but which are segregated to be paid to private waste management companies to serve the public purpose of recycling—is nevertheless a "tax" under the TIA. *See id.* at 931-32 (citing *Ind. Waste Sys., Inc. v. County of Porter*, 787 F. Supp. 859, 864-65 (N.D. Ind. 1992), *aff'd* 166 F.3d 835, 839 (6th Cir. 1999) (proceeds from assessments to fund recycling program, "while separate from the general fund, serves public purposes benefitting the entire community; "development of recycling programs … 'relate directly to the general welfare of the citizens of [Ohio]'")).

Similarly, myriad cases have found a "tax" under the TIA, even though the funds from the mandatory charge were directed to private entities and not general funds. *See, e.g.*, *Terrestrial Corp. v. Caffrey*, 205 F.3d 130, 134-35 (4th Cir. 2000) (sewer charge paid to waste management companies via "special fund"); *Katherin v. City of Evanston*, 752 F.3d 680 (7th Cir. 2014) (city demolition charge, the funds of which were used to subsidize affordable housing, was a tax for purposes of TIA). *Sipe v. Amerada Hess Corp.*, 689 F.2d 396, 402-03 (3d Cir. 1982) (contributions for unemployment compensation); *Butler v. Maine Supreme Judicial Court*, 767 F. Supp. 17, 19 (D. Me. 1991) (fees imposed on litigants seeking jury trials); *Wright v. McClain*, 835 F.2d 143, 145 (6th Cir. 1987) (payments by parolees to cover supervision costs).

Consistent with this approach, mandatory programs in which one group subsidizes another to serve public purposes also fall squarely within the realm of a TIA "tax," even though they "might not commonly be described as taxes." 17A Wright, Miller, Cooper & Amar, Fed.

Prac. & Proc., Juris. 3d, § 4237 n.19 (2018 ed.); *see also Cumberland Farms v. Tax Assessor*, 116 F.3d 943, 944 (1st Cir. 1997) (milk subsidies constituted "tax" despite "unusual structure").

Of particular relevance is *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722 (7th Cir. 2011), a leading case on the TIA's pragmatic standards for what constitutes a "tax." There, Judge Richard Posner authored an *en banc* decision regarding a state statute requiring riverboat casinos to pay a mandatory charge to competing racetracks. *Id.* at 724-725. The casinos filed a lawsuit arguing the statute constituted an improper subsidy from casinos to racetracks, which they claimed was an improper "fee," not a "tax," under the TIA. The Seventh Circuit disagreed and held that the assessment was a "tax" and that it was immaterial that the revenue from the charge was sent directly to a small set of beneficiaries (after passing through a trust fund for a maximum of 10 days for accounting purposes), because the ultimate concern is whether the charge serves the general benefit.

Here, as in *Empress*, the charge is a "tax" even if the funds are ultimately funneled to the subsidy recipients, whether racetracks (as in *Empress*) or to consumers who return recyclables (as with the Bottle Bill)—without regard to whether the funds are sent to the state. As the court explained, the "fact that the casino exaction [or Bottle Bill charge] isn't called a tax . . . has nothing to do with any concern behind the [TIA]. 'Taxation' is unpopular these days, so taxing authorities avoid the term. Legislatures are unpredictable, so trust funds are created to hold revenues generated by specific taxes, in order to avoid annual appropriations battles. The politics of state taxation have naught to do with the policy of the [TIA], which is to avoid 'throwing state tax administration into disarray.'" 651 F.3d at 730-32. Under the TIA, the relevant analysis is whether the mandatory charge at issue ultimately serves a public benefit. Much like the retailer-to-consumer charge in the Bottle Bill, the casino-to-racetrack charge in *Empress*, is "an example of a state's taking money from one group of firms and giving it to another group." *Id.* at 730.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**b.     The Bottle Bill Charge Imposed by the Oregon Legislature**

**Constitutes a "Tax."**

Consistent with the case law cited above, the Ninth Circuit applies a three-part analysis to determine whether a charge constitutes a "tax" under the TIA.  "Whether a deduction constitutes a 'tax' within the meaning of the TIA depends on:  (1) the entity that imposes the deduction; (2) the parties on whom the deduction is imposed; and (3) whether the funds collected from the deduction are expended for general public purposes, or used for the regulation or benefit of the parties on whom the deduction is imposed."  *Bidart*, 73 F.3d at 931.  Each of those factors weighs in favor of construing the 10-cent imposition under the Bottle Bill as a "tax" for purposes of the TIA.

**(1)     The Oregon Legislature Imposed the Tax.**

*First*, "an assessment imposed directly by the legislature is more likely to be a tax than an assessment imposed by an administrative agency."  *Bidart*, 73 F.3d at 931.[2]  Here, the Bottle Bill tax is imposed by the Oregon state legislature.  The Oregon Legislature enacted the Bottle Bill in 1971 to address the state's litter problems.  *See Am. Can Co.*, 15 Or. App. at 623, 517 P.2d at 694.  In doing so, the Legislature directly—as opposed to through an administrative agency— imposed by statute the refund value on various beverage containers sold in Oregon.  *See* ORS 459A.705.  Upon redemption of beverage containers, dealers like Fred Meyer are required to accept the empty container and provide the customer with a 10-cent assessment.  *See* ORS 459A.710(1).  The Oregon Legislature's direct imposition of the Bottle Bill charges against Fred Meyer thus weighs in favor of construing the imposition as a tax.

---

[2] Under the TIA, an "assessment" is understood "broadly to include the process by which that amount is calculated."  17A Moore's Fed. Prac. 3d § 121.41[2A]; *see United States v. Galletti*, 541 U.S. 114, 122 (2004) ("'assessment' refers to little more than the calculation or recording of a tax liability").  It does not matter where the funds collected as part of that assessment temporarily reside—with the state or a third party—because the state requires entities like Fred Meyer to make payments to consumers for redeemed goods, making it an assessment. *See, e.g.*, *Winn v. Killian*, 311 F.3d 1011, 1015 (9th Cir. 2002) (defining assessment as a scheme whereby "a tax or other charge" is imposed on an entity).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### (2)    The Tax Is Imposed on a Broad Class.

*Second*, a charge "imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class." *Bidart*, 73 F.3d at 931 (noting, however, that "an assessment upon a narrow class of parties can still be characterized as a tax under the TIA"). This factor also weighs in favor of construing an imposition as a tax as it applies broadly to beverage retailers in the state of Oregon as opposed to a discrete subset of the relevant population. *See MCI Commmns. Servs. v. City of Eugene*, 2007 U.S. Dist. LEXIS 75602, at *7 (D. Or. Oct. 9, 2007) (second factor weighs in favor of tax because "the registration fee is assessed against a broad group of telecommunication providers . . . who provide service using any facilities within the city"), *aff'd* in part and *vacated* in part, 359 F. App'x 692 (9th Cir. 2009) (affirming TIA analysis but disagreeing that entire action should necessarily be dismissed); *Cabral v. Caesars Entm't Corp.*, 2018 U.S. Dist. LEXIS 104129, at *9 (D. Nev. June 11, 2018) ("The tax is imposed on only certain types of businesses, and thus is narrow in that respect. But it is broad in that it applies to any operator of a transient lodging establishment in the county."). Here, the law—and the requirement of payment—applies generally to "dealers" like Fred Meyer, which is defined to include "every person in this state who engages in the sale of beverages in beverage containers to a consumer." ORS 459A.700(5).

### (3)    The Tax Supports Oregon's Public Purpose.

*Third*, "[w]here the first two factors are not dispositive, courts examining whether an assessment is a tax 'have tended . . . to emphasize the revenue's ultimate use.'" *Bidart*, 73 F.3d at 932. The key inquiry under the third *Bidart* factor is whether the charge is expended "to provide a general benefit to the public." *Id.* As explained in detail above, the public benefit may be achieved in any number of ways, including by requiring the payment of amounts directly into the state's coffers or—in the alternative—requiring payments earmarked for third parties to accomplish the Legislative purpose. *See, e.g., Empress*, 651 F.3d at 724 (casino charge to

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

subsidize competing racetracks); *Terrestrial*, 205 F.3d at 134-35 (sewer charge paid to waste management companies via "special fund").

Here, the Bottle Bill imposition serves no function except to provide a general benefit to the Oregon public-at-large by encouraging the recycling of beverage containers through direct subsidies to recycling consumers, while reducing Oregon's costs associated with litter removal. In particular, the 10-cent imposition must be paid to citizens who return beverage containers for reuse as opposed to, *e.g.*, littering. *See Am. Can Co.*, 15 Or. App. at 628, 641, 517 P.2d at 696, 702 (the Bottle Bill was enacted to address the "deleterious consequences to the environment and additional cost to the public" from beverage bottles not being reused, including "litter" and "esthetic blight").

The imposition is a "tax" because it broadly imports a public benefit and is not a general "fee" used to fund a narrow regulatory agency or to punish misconduct. *See Ind. Waste Sys.*, 787 F. Supp. at 862, 865 (statute "to promote, encourage, and implement public and private recycling programs" was a tax); *Lavis v. Bayless*, 233 F. Supp. 2d 1217, 1222 (D. Ariz. 2001) (imposition created by statute to advance the "public benefit" of "creat[ing] a clean elections system" was a tax). Here, no entity reaps any private benefit from the Legislative scheme enacted by the Bottle Bill, and instead the deposit serves exclusively to benefit the public-at-large by taxing retailers to encourage the state's anti-littering program (thereby reducing state costs associated with litter removal). The Bottle Bill charge is therefore a "tax" for purposes of the TIA.

## 2.    Oregon Provides a "Plain, Speedy, and Efficient" Remedy.

The TIA's second prong is also satisfied because Oregon law provides a "plain, speedy, and efficient remedy" for Plaintiffs. For the Act's jurisdictional prohibition to apply, the state court remedy need only meet "certain minimal procedural criteria," including access to "a full hearing and judicial determination" of all federal constitutional objections to the tax. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512-13 (1981). "The state court remedy need not be 'the best

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

remedy available or even equal to or better than the remedy which might be available in the federal courts.'" *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1156 (9th Cir. 2010).

Here, a plain, speedy, and efficient forum plainly exists. The Oregon Tax Court has exclusive jurisdiction and meets the forum requirements under the TIA. *See* ORS 305.410 (tax court has "the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state"); *United States v. Oregon*, 2011 U.S. Dist. LEXIS 1107, at *8 (D. Or. Jan. 4, 2011); *Donaldson v. Williams*, 2012 U.S. Dist. LEXIS 158642, at *32 (D. Or. Sep. 6, 2012) (granting motion to dismiss claim challenging tax assessment and collections procedures based on adequacy of relief under ORS 305.410); *Attilla v. Douglas Cty.*, 2012 U.S. Dist. LEXIS 88959, at *1-2 (D. Or. June 26, 2012) (granting motion to dismiss under TIA; finding Oregon Tax Court provides sufficient remedy under TIA); *Smith v. Or. Dep't of Revenue*, 2004 U.S. Dist. LEXIS 18508, at *2-3 (D. Or. Sep. 6, 2004) ("Oregon provides such [a plain, speedy, and efficient] remedy through its procedures for challenging tax assessment and liability, including tax court"); *see also* ORS 305.405 (Oregon Tax court has the same powers as a circuit court).

But even if the Plaintiffs' claims do not fall within the Tax Court's exclusive jurisdiction (as Plaintiffs may argue in Opposition), there can be no question that Oregon state circuit court provides a plain, speedy, and efficient forum for Plaintiffs to litigate their claims. Either way, the TIA mandates dismissal.

### B.    Principles of Comity Similarly Require the Court to Dismiss.

Even if the TIA did not require dismissal, comity does. Comity is a broader doctrine than the TIA. *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010) ("More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."). Thus, even if a case does not fall within the technical requirements of the TIA, the comity doctrine provides federal courts an alternative ground for dismissal so they may comply with the "scrupulous regard for

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the rightful independence of state governments which should at all times actuate the federal courts." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 114-116 (1981).

"Under the principle of comity, taxpayers are barred from asserting their . . . actions in federal courts, as long as the remedies that the state provides are 'plain, adequate, and complete.'"[3] *Donaldson*, 2012 U.S. Dist. LEXIS 158642, at *24; *accord United States v. Oregon*, 2011 U.S. Dist. LEXIS 1107, at *9 (D. Or. Jan. 4, 2011) ("As a corollary to abstention, comity considerations preclude federal district courts from exercising jurisdiction over controversies where an adequate state court forum is available to decide the plaintiff's constitutional claims.").

Because Plaintiffs have failed to seek redress in the Oregon Tax Court, they cannot maintain their federal action in derogation of ORS 305.410.  *See Donaldson*, 2012 U.S. Dist. LEXIS 158642, at *32 (granting motion to dismiss claim challenging tax assessment procedures in Oregon based on, inter alia, principles of comity based on adequacy of relief available under ORS 305.410); *United States v. Oregon*, 2011 U.S. Dist. LEXIS 1107, at *8 (D. Or. Jan. 4, 2011) (granting motion to dismiss under "comity" considerations to allow Oregon Tax Court to determine questions arising from Oregon's tax laws).

## IV.    PLAINTIFFS' CLAIMS FAIL FOR FAILURE TO ALLEGE ANY DAMAGE CAUSED BY FRED MEYER

Even if the Court considered Plaintiffs' claims, the Court should dismiss this action because they fail to plead the essential elements of causation and damages.

### A.    Plaintiffs' Allegations Fail to Satisfy Rule 9(b).

Under Ninth Circuit law, because Plaintiffs' claims "sound in fraud," they are subject to the heightened pleading requirements of Rule 9(b).  Plaintiffs failed to meet this standard.

---

[3] "There is 'no significant difference' between remedies which are 'plain, speedy and efficient' under the [TIA] and remedies which are 'plain, adequate, and complete' under the principle of comity." *Donaldson*, 2012 U.S. Dist. LEXIS 158642, at *24.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

A claim "sounds in fraud" if it is premised on such allegations of "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105. Here, the crux of the Amended Complaint is that Fred Meyer made "false" and "misleading" representations to consumers (Am Compl. ¶¶ 21-23, 30, 35), implemented this scheme "knowingly," "willfully," "maliciously," "recklessly" (*id.* ¶¶ 24, 25, 30, 35), with "intent" despite knowing the full truth (*id.* ¶¶ 20, 25, 30), "causing a likelihood of confusion" in consumers who did not know the full truth (*id.* ¶¶ 17, 18, 25, 30); and caused "ascertainable losses to plaintiffs and the putative class members" based on the "wrongful" taking of money (*id.* ¶¶ 35, 36, 37). In short, the gravamen of each cause of action, as well as the complaint as a whole, is a claim of fraud and misrepresentation.

The Ninth Circuit has repeatedly held that such allegations of a "unified course of fraudulent conduct" constitute claims that sound in fraud, which requires that a plaintiff "must state with particularity the circumstances constituting fraud" under Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see, e.g.*, *Vinci v. Hyundai Motor Am.*, 2018 U.S. Dist. LEXIS 139979, at *31 (C.D. Cal. Apr. 10, 2018) (applying Rule 9(b) to UTPA claim); *Bibiji Inderjit Kaur Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) (dismissing unjust enrichment claim under Rule 9(b)).[4]

Rule 9(b) requires Plaintiffs to state with particularity their allegations regarding "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess*, 317 F.3d at 1103-04. In particular, "[t]o satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the] statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011); *accord Kearney v. Equilon Enters.*, LLC, 65 F. Supp. 3d

---

[4] The few contrary cases declining to apply Rule 9(b) to UTPA claims all involved distinct legal and factual circumstances. *See Silva v. Unique Bev. Co., LLC*, 2017 U.S. Dist. LEXIS 93625, at *38 (D. Or. June 15, 2017); *McKie v. Sears Prot. Co.*, 2011 U.S. Dist. LEXIS 47967, at *36 (D. Or. Feb. 22, 2011).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1033, 1045 (D. Or. 2014) (granting motion to dismiss under Oregon consumer protection law for failure to adequately allege necessary details under Rule 9(b)).

Despite its applicability, none of the particularized allegations required by Rule 9(b) is present in the Amended Complaint.  Plaintiffs allege only that they purchased a beverage from mostly unidentified Fred Meyer stores in Oregon and made a 10-cent deposit "after January 1, 2018."  (Am. Compl. ¶ 8.)  It is unclear when during the year the 25 individual Plaintiffs made their purchases.  Only 6 of the 25 individuals provided details regarding their purchase in the form of "redacted" receipts, but those redactions obscure all information as to the date or time of the purchase, and in some cases, even the location of the purchase.  (*See id.* ¶¶ 9-14.)  It is unclear how the purported misrepresentations regarding the 10-cent deposit were made or advertised to each Plaintiff (*e.g.*, on the shelves, on the products, in newspapers or online).  It is unclear what Plaintiffs saw with respect to those advertisements in making their purchase decisions, whether any Plaintiff bothered to seek a refund, and what, if anything, each Plaintiff relied on.  Plaintiffs' allegations thus fail as a matter of law.

**B.**    **Plaintiffs' Failure to Plead Causation or Damages Requires Dismissal of Each Cause of Action.**

The Amended Complaint further fails because there are *no* allegations regarding the claims of 19 of the Plaintiffs and the allegations as to the other six are woefully deficient.

**1.**    **Nineteen of the Named Plaintiffs Provided No Details Whatsoever Regarding Their Claims.**

As to the 19 Plaintiffs without details at all regarding their purchase, the Amended Complaint plainly fail to adequately allege any theory of causation or damages.  This "lumping" together of plaintiffs is inappropriate under Rule 8 or 9(b).  *See Hernandez v. Creative Concepts, Inc.*, 295 F.R.D. 500, 504 (D. Nev. 2013) ("By lumping all [13] Plaintiffs together, NPL did not give fair notice"); *Jones v. Idaho Legislative Representatives*, 2017 U.S. Dist. LEXIS 153682, at *27 (D. Idaho Sep. 19, 2017) ("Plaintiffs' Complaint — with its improper lumping of individual

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

claims against various Defendants — is problematic and constitutes a basis for dismissal");

*Besser v. Chapple*, 2009 U.S. Dist. LEXIS 140863, at *8 (C.D. Cal. Sep. 18, 2009) (dismissing

claims and expressing concern "with the lumping of Plaintiffs together and the failure to specify

the location and circumstances of [the] alleged representations").[5]  The Court should therefore

dismiss Plaintiffs' Amended Complaint—at least as to the 19 plaintiffs whom Plaintiffs attempt

to lump in the "group pleading"—for failure to make any individual allegations at all.

### 2.    As to the Remaining Six Plaintiffs, the Damage and Causation Allegations Fail to Satisfy Rule 9(b).

As to the remaining six Plaintiffs, their allegations also fail to allege causation and

damages.  This set of Plaintiffs assert their claims on the theory that they *could be* harmed

because they were charged a 10-cent deposit for Florida's Natural orange juice, and they *might*

not be able to recover that deposit *if* they return the bottle to Fred Meyer and Fred Meyer does

not pay them back the deposit under the Bottle Bill.  (*See* Am. Compl. ¶¶ 9-14.)  Plaintiffs do *not*

allege that they attempted to return the bottle and recover the deposit in the first place.  Instead,

they simply hypothesize that Fred Meyer will not pay the deposit, and therefore they should

recover for a hypothetical harm that *has not even occurred.*

---

[5] This type of mass pleading of claims is insufficient because a named plaintiff cannot rely on harm purportedly caused upon others and must individually allege the elements of the claims they seek to bring.  *See Chavez v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 194351, at *4-6 (C.D. Cal. June 2, 2014) ("Plaintiff must personally satisfy the pleading requirements of each claim that she brings, and she cannot defeat a motion to dismiss by relying on class allegations."); *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1309 (N.D. Cal. 2008) ("named plaintiffs who [seek to] represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent").

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a.      **Plaintiffs Fail to Allege Damages and Causation Under the UTPA.**

(1)      **The UTPA Requires an "Ascertainable Loss" Caused by Fred Meyer.**

To state a claim under the UTPA, Plaintiffs must allege an "*ascertainable loss* of money or property *as a result of* a reckless or knowing use or employment by the defendant of a method, act or practice declared unlawful by ORS 646.608." ORS 646.638(8)(a) (emphases added). "The requirement that the loss be 'ascertainable' connotes generally that it is one 'capable of being discovered, observed, or established.'" *Pearson*, 358 Or. at 116, 361 P.3d at 22. The "ascertainable loss must be 'a result of' the unlawful trade practice." *Id.* In other words, an "'ascertainable loss' requires allegations of an actual payment of money that is causally linked to defendants' actions." *Wood v. Nationstar Mortg., LLC*, 2017 U.S. Dist. LEXIS 128782, at *16 (D. Or. Aug. 14, 2017); *accord Fauley v. Wash. Mut. Bank, FA*, 2014 U.S. Dist. LEXIS 38460, at *11 (D. Or. Feb. 19, 2014) (Acosta, J.) ("[R]egardless of the quantity of the plaintiff's loss, a causal link between the plaintiff's loss and the defendant's actions must exist to state a viable UTPA claim").

In the context of misrepresentations—as here—a plaintiff must allege "reliance-in-fact" upon the misrepresentations in suffering the loss. *See Harney v. Associated Materials, Inc.*, 2018 U.S. Dist. LEXIS 8124, at *15-16 (D. Or. Jan. 18, 2018) ("Where, as here, the alleged violations are affirmative misrepresentations, the causal element requires proof of reliance-in-fact by the consumer.") (citing *Feitler v. The Animation Celection, Inc.*, 170 Or. App. 702, 708, 13 P.3d 1044, 1047 (2000) (finding that in order for the plaintiff to prevail on his UTPA claim, he had to prove not only that the seller had made false statements, but also that the plaintiff had relied on those statements)); *Sanders v. Francis*, 277 Or. 593, 598, 561 P.2d 1003 (1977) (holding that factual reliance is essential "when plaintiff claims to have acted on a seller's express representations").

Page 27 - MOTION TO DISMISS

### (2)    Plaintiffs Fail to Allege Ascertainable Loss.

The precise allegations necessary to establish an ascertainable loss depends on the legal theory utilized.  Here, Plaintiffs have failed to allege an "ascertainable loss" under either (1) a "product purchase price" theory in which the loss is the full value of the product purchased, or (2) a "diminished value" theory in which the loss is the higher price paid for a product than advertised.  *See Silva v. Unique Bev. Co., LLC*, 2017 U.S. Dist. LEXIS 93625, at *34 (D. Or. June 15, 2017) (citing *Pearson*, 358 Or. at 127, 361 P.3d at 28).  Plaintiffs have also failed to establish any "illegal charge" theory, which is facially inapplicable.

### (a)    The "Product Purchase Price" Theory Fails.

"The purchase price refund theory is based on the alleged failure to receive what Defendant's alleged misrepresentation led Plaintiff to believe she was buying."  *Silva v. Unique Bev. Co., LLC*, 2017 U.S. Dist. LEXIS 179362, at *25 (D. Or. Oct. 30, 2017).

The Oregon Supreme Court in *Pearson* "expressly held that reliance is required to support a loss based on the purchase price."  *Id.*  In particular, the *Pearson* court held that "if the purchaser did not care whether the product had a character or quality as represented (or was not aware of the representation) and bought it for other reasons, then the purchaser's expectations have not been frustrated."  *Pearson*, 358 Or. at 126, 361 P.3d at 27.  "In that circumstance, the misrepresentation cannot be said to have 'caused' the purchaser to suffer a loss in the form of the purchase price."  *Id.*  "As a function of logic, not statutory text, when the claimed loss is the purchase price, and when that loss must be 'as a result' of a misrepresentation, reliance is what 'connects the dots' to provide the key causal link between the misrepresentation and the loss."  *Id.*  In short, this theory requires a plaintiff to plead and prove that without the misrepresentation, "the purchaser would not have bought the product and thus should be entitled to a refund."  *Id.*

Here, Plaintiffs fail to allege facts in support of such a theory.  There is no allegation—conclusory or otherwise—that Plaintiffs would not have purchased the beverages

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

at issue from Fred Meyer had they known the 10-cent bottle deposit was unavailable upon redemption under the Bottle Bill.  There is no allegation Plaintiffs' purchase decisions were affected in any way by the 10-cent deposit, or even that they saw or read any representation regarding the 10-cent deposit before making their purchase decision.  Plaintiffs likewise fail to allege that even with the purportedly improper charge, they could have received the same product for less money elsewhere.  This theory fails as a matter of law.

                **(b)**        **The "Diminished Value" Theory Fails.**

To establish an ascertainable loss under a "diminished value" theory, a plaintiff must allege facts that "the product as represented had a value greater than the value of the product she actually received." *Silva*, 2017 U.S. Dist. LEXIS 179362, at *23 (citing *Pearson*, 358 Or. at 123, 361 P.3d at 25).  "Allegations suggesting that the product costs the same with or without the represented characteristic cannot logically support an inference that the product without the feature is worth less." *Id.*  Therefore, unless allegations of "ascertainable loss" are supported by factual averments that the Plaintiffs "'paid more money' and a 'higher price' because of Defendant's alleged misrepresentations," the claim fails to "pass muster under *Iqbal*." *Id.* at *24; *see, e.g., Mendoza v. Lithia Motors, Inc.*, 2017 U.S. Dist. LEXIS 4716, at *12-13 (D. Or. Jan. 11, 2017) (dismissing claim because "plaintiffs do not allege what they would have done differently or how the vehicle transactions would have been different if defendants had disclosed the alleged payments").

Plaintiffs have failed to allege facts supporting this threshold requirement for the same reasons as before.  Plaintiffs fail to identify the "misrepresentation" that caused them to attribute a higher value on the beverages they purchased, explain what they would have done differently had they known the true state of facts, or suggest how it affected their purchase decision.  There is no allegation that the value of the beverage consumed (*e.g.*, the orange juice) was any less than the value of the good as represented.  There is no assertion that Plaintiffs could have purchased the beverage for cheaper elsewhere (with or without the 10-

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

cent deposit).  Plaintiffs' theory is nothing more than that Plaintiffs paid 10 cents more than

they should have because the 10-cent deposit could not be recouped, which fails because

Plaintiffs nowhere allege that they attempted to return the containers to recover the ten cents

or otherwise attempted to obtain a refund of the 10-cent deposit.

(c)        **The "Illegal Charge" Theory Is Inapplicable.**

Plaintiffs may argue that despite their failure to establish an "ascertainable loss" under

*Pearson*, they state a claim under an "illegal charge" theory of "ascertainable loss."  That

argument fails as a matter of law as the theory has no application in this case.

In *Scharfstein v. BP W. Coast Prods., LLC*, 292 Or. App. 69, 423 P.3d 757 (2018), the

court considered allegations under the UTPA regarding pure non-disclosures of a "debit card

fee" for gasoline purchases imposed by the "Gasoline Price Advertising Rule."  The UTPA claim

was premised on the "catch-all" provision of the UTPA, ORS 646.608(1)(u), because the

Attorney General adopted an administrative rule "declaring that unfair or deceptive gasoline

price advertising is an unlawful trade practice."  *Id.* at 72.  The court ruled that a showing of

reliance was not necessary under this provision of the UTPA:  "In an illegal charge case such as

this one, whether a customer relied on the nondisclosure of a fee does not matter; what matters

is whether the fee is disclosed in the particular way that the law requires."  *Id.* at 89.

This case has no application here.  This action does not involve the UTPA provision at

issue, which relates to violations of the Gasoline Price Advertising Rule authorized by the

Attorney General's administrative rule.  *See* OAR 137-020-0150 (setting forth a comprehensive

scheme for notice of gas station fees and requiring, *e.g.*, "clear and conspicuous" notice).  In

addition, on the facts, this action does not depend purely on omissions, but instead allege

affirmative misrepresentations regarding a 10-cent deposit.  (*See, e.g.*, Am. Compl. ¶¶ 9-14.)

Indeed, no omission theory similar to *Scharfstein* is possible in this action as there is no

requirement under the Bottle Bill—as opposed to the Gasoline Price Advertising Rule—to say

anything about the 10-cent deposit or the redeemability of any good.

DAVIS WRIGHT TREMAINE LLP<br/>1300 S.W. Fifth Avenue, Suite 2400<br/>Portland, Oregon  97201-5610<br/>(503) 241-2300 main · (503) 778-5299 fax

In short, this is not one of the limited circumstances where allegations of "reliance" are unnecessary because "the representation involves a matter about which the party making it is legally required to inform the other."  *Tri-West Constr. Co. v. Hernandez*, 43 Or. App. 961, 972, 607 P.2d 1375, 1382 (1979).

        **b.**        **The Elder Abuse Claim Also Fails for Lack of Causation and Damages.**

Plaintiffs' second cause of action for financial elder abuse under ORS 124.110(1)—which appears to apply solely to Plaintiff Arlene Johnston (Am. Compl. ¶ 5)—also fails.  As an initial matter, there are no specific allegations at all as to Ms. Johnston except that she is over 65 years of age to satisfy federal pleading standards.  (*Id.*)

In addition, an elder abuse claim requires that the defendant engaged in a "a taking or appropriation . . . of money or property . . . that belongs to an elderly . . . person and the taking is wrongful."  *Swango v. Nationstar Sub1, LLC*, 292 F. Supp. 3d 1134, 1152 (D. Or. 2018) (citing ORS 124.110(1)(a)).  Thus, like a UTPA claim, the elder abuse claim requires that Fred Meyer caused harm to the elderly plaintiff by wrongfully taking money or property.  Here, because Ms. Johnston has not alleged that she attempted to recover the Bottle Bill deposit, she cannot even establish Fred Meyer took any money or property, much less allege such taking was wrongful. She could potentially have a claim if she bothered seeking the tax from Fred Meyer, as is required for her to obtain the 10-cent refund, but she again has not made any such allegation.

        **c.**        **The Unjust Enrichment Claim Also Fails for Lack of Causation and Damages.**

Plaintiffs' third cause of action fails for the same reasons—Plaintiffs do not and cannot allege harm caused by Fred Meyer because they simply failed to allege they bothered to seek the refund in the first place.  *See Bibiji*, 674 F. App'x at 690; *Teater v. Pfizer, Inc.*, 2013 U.S. Dist. LEXIS 79629, at *15 (D. Or. May 13, 2013) (dismissing Oregon unjust enrichment claim for lack of causation between alleged wrongdoing and injury); *Stewart v. Mortg. Elec. Reg. Sys.*,

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2010 U.S. Dist. LEXIS 26291, at *31 (D. Or. Feb. 9, 2010) (dismissing unjust enrichment claim for failure to satisfy the heightened pleading standards of Rule 9(b)).

### 3.    Plaintiffs Fail to Even Allege What They Purportedly Relied Upon.

Plaintiffs' reliance allegations independently fail under the federal pleadings standards set forth in Rule 8.  To survive a motion to dismiss under Rule 8, a complaint must state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  It is a bare necessity under Rule 8 that a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Deloe v. Dep't Stores Nat'l Bank*, 2017 U.S. Dist. LEXIS 149315, at *15 (D. Or. Aug. 18, 2017).

*As this Court has repeatedly held, in the UTPA context, this means that a plaintiff seeking to maintain a UTPA claim must allege "what statements made by Defendant were false and misleading."*  *Bank of N.Y. Mellon v. Stabenow*, 2017 U.S. Dist. LEXIS 63454, at *13-14 (D. Or. Apr. 25, 2017) (emphasis added); *accord Colquitt v. Mfrs. & Traders Tr. Co.*, 2016 U.S. Dist. LEXIS 44399, at *13 (D. Or. Apr. 1, 2016); *Tillman v. Reverse Mortg. Sols.*, 2018 U.S. Dist. LEXIS 161018, at *19-20 (D. Or. July 31, 2018) ("Plaintiffs fail to identify any express statement made by Defendants which they consider false or misleading.  Plaintiffs merely generally allege Defendants misrepresented the status of the Election.  This general allegation does not meet the specificity requirement identified by Judge Mosman in *Stabenow*."); *Vettrus v. Bank of Am., Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 162442, at *13-14 (D. Or. Nov. 5, 2012) ("Plaintiff's claim fails at the pleading level, as his allegations regarding defendants' allegedly unfair trade practices are conclusory and devoid of factual support.  For example, plaintiff does not identify which fees or charges were 'improper and unauthorized' or which information defendants allegedly misrepresented[.]").

Plaintiffs' Amended Complaint fails to meet this basic pleading requirement.  Plaintiffs have "merely generally allege[d]" that Fred Meyer made misrepresentations about a general subject matter—here, the 10-cent deposit—without specifically identifying the statement at issue

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

or what the 25 Plaintiffs purportedly saw.  *See Tillman*, 2018 U.S. Dist. LEXIS 161018, at *19-20.  There is no allegation in the Amended Complaint regarding how Florida's Natural orange juice was advertised in Fred Meyer, how it was presented in its stores, or what was said about the 10-cent deposit.  Based on these vague and missing allegations, there is no way for Fred Meyer to identify and respond to the challenged representations.  Plaintiffs thus fail to satisfy Rule 8.

### V.    PLAINTIFFS' UTPA CLAIM FAILS FOR ADDITIONAL REASONS

The UTPA claim also fails based on Plaintiffs' failure to allege (1) an unlawful trade practice in "violation of § 646.608(1)," and  (2) "willfulness" by Defendant.  *Colquitt v. Mfrs. & Traders Tr. Co.*, 144 F. Supp. 3d 1219, 1231 (D. Or. 2015).

### A.    Plaintiffs Fail to Allege an "Unlawful Trade Practice."

Plaintiffs' UTPA claims fail as a matter of law no matter the level of detail alleged because their legal theories of unlawful conduct do not fit the facts alleged.

### 1.    Plaintiffs Fail to Allege a Representation Regarding "Real Estate, Goods or Services."

The UTPA restricts only the trade practices expressly enumerated in the statute.  In other words, the UTPA does not regulate suspect or challenged practices that are "not within the ambit of the statute."  *Lamm v. Amfac Mortg. Corp.*, 44 Or. App. 203, 205, 605 P.2d 730, 731 (1980).

The UTPA enumerates dozens of specific acts that violate the statute.  *See Pearson v. Philip Morris, Inc.*, 358 Or. 88, 115, 361 P.3d 3, 21 (2015).  Unlike similar statutes in other states, the UTPA contains no general "catch-all" provision under which private citizens may assert UTPA claims based on violations of other statutes such as the Bottle Bill.  *See* ORS 646.608(1)(u); ORS 646.608(4) (no private right of action under catch-all provision unless authorized by the Attorney General).  The Legislature has not amended the UTPA to incorporate the Bottle Bill nor has the Attorney General promulgated rules bringing bottle deposits within the scope of the UTPA.  Thus, Plaintiffs can only state a UTPA claim if they allege conduct a specific UTPA provision makes unlawful.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Here, Plaintiffs assert claims under the *seven* UTPA subsections—subsections (b), (e), (i), (j), (k), (s), and (t).  (Am. Compl. ¶¶ 17-24, 35.)  *None* of Plaintiffs' disparate theories of liability states a claim because the allegations—which relate exclusively to representations regarding the 10-cent deposit—do not relate to any "real estate, goods or services" as required to fall under the UTPA.

### 2.    Plaintiffs' Theories Require Allegations Relating to "Real Estate, Goods or Services."

*All* of Plaintiffs' theories under the UTPA must relate to "real estate, goods or services." *Stoss v. JPMorgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 185150, at *23-24 (D. Or. Dec. 19, 2013); *Graham v. Kold Kist Beverage Ice, Inc.*, 43 Or. App. 1037, 1040, 607 P.2d 759, 761 (1979); *F.D.S. Marine, LLC v. Shaver Transp. Co.*, 2001 U.S. Dist. LEXIS 7787, at *3-4 (D. Or. May 25, 2001) ("[R]eading these sections in their context as part of an Act providing consumers recourse for improper activity regarding goods or services indicates that to bring a claim under the UTPA, the claim must involve goods and/or services, as defined in the Act").

As used in the UTPA, "real estate, goods or services" mean real estate, goods or services "that are or may be obtained primarily for personal, family or household purposes, or that are or may be obtained for any purposes as a result of a telephone solicitation, and includes loans and extensions of credit, and franchises, distributorships and other similar business opportunities, but does not include insurance."  ORS 646.605(6)(a).  No "real estate," "service," "telephone solicitation," or "credit" is alleged to be at issue in the Amended Complaint.  The crux of Plaintiffs' UTPA claim is thus whether the 10-cent deposit under the Bottle Bill constitutes a "good" "obtained primarily for personal, family or household purposes."  *Id.*

The UTPA does not further define "goods."  The term is therefore construed according to its "plain, natural, and ordinary" meaning.  *Dep't of Consumer & Bus. Servs. v. Muliro*, 359 Or. 736, 746, 380 P.3d 270, 275 (2016).  Dictionaries uniformly define "goods" in accordance with

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

common parlance to mean "tangible" or "movable" property.  *See* Black's Law Dictionary (10th ed. 2014); Webster's Third New Int'l Dictionary (2002).

Based on these uncontroversial definitions, Oregon courts previously rejected attempts to bring UTPA claims with respect to monetary "loans" as not being based on any "goods or services" as contemplated by the Legislature in enacting the UTPA.  *See Lamm*, 44 Or. App. at 205, 605 P.2d at 731 (Section 646.608(1)(s) did not cover "false or misleading representations" relating to "discount fee" plaintiffs were "required to pay in a transaction involving a government insured loan" because the section does not apply to "loans or extensions of credit"); *Cullen v. Inv. Strategies*, 139 Or. App. 119, 128, 911 P.2d 936, 941 (1996) ("a loan is not a 'good or service'; that premise is constant, regardless of whether the party making a representation about a loan is a lender or a non-lender").

For the same reason, charges like the 10-cent "deposit" at issue in this action are not representations regarding "goods" under the UTPA.  *See Cullen*, 139 Or. App. at 126 ("Money, however, is impossible to categorize.  It may be used to purchase 'real estate, goods or services' but it is not itself one of those things."); *Roach v. Mead*, 76 Or. App. 83, 87, 709 P.2d 246, 248-49 (1985) ("The basic problem with plaintiff's claim is that money is a medium, not an article, of commerce.").

### 3.    The 10-Cent Bottle Deposit Is Not a Tangible "Good."

Based on this framework, Plaintiffs' UTPA claim relating to "goods" fails because the Amended Complaint fails to allege any misrepresentations as to any "tangible" or "movable" property such as the beverage containers they purportedly purchased.  Instead, all of Plaintiffs' allegations relate to representations relating to the 10-cent "deposit" (also called a 10-cent "fee" or "charge") associated with the Bottle Bill, which cannot form the basis for UTPA claims:

*Subsection (b)* only applies to representations causing a "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services."  Plaintiffs allege that Fred Meyer caused confusion about the "source of the additional

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

10-cent *charge*" or, alternatively, whether the "10-cent *charge* . . . was approved or certified by the Oregon Legislature."  (Am. Compl. ¶¶ 17-18 (emphasis added).)  Because there is no allegation about the "source" or "approval or certification" of the *beverage*, the claim fails.

**Subsection (e)** only applies to representations "that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have."  Plaintiffs allege that the representation at issue relates to the "10-cent charge."  (Am. Compl. ¶ 19.)  Because the representation is about the "characteristics" of the "charge" and not the beverage, this subsection does not apply.

**Subsection (i)** only applies if a defendant "[a]dvertises real estate, goods or services with intent not to provide the real estate, goods or services as advertised, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity."  Plaintiffs' allegations only provide that there were misrepresentations regarding the "10-cent bottle deposit charge."  (Am. Compl. ¶ 20.)  They make no allegations about what Fred Meyer advertised with respect to any "good."

**Subsection (j)** only applies if a defendant "[m]akes false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions."  Plaintiffs' allegations only suggest that Fred Meyer made representations regarding the price reduction upon redemption of the 10-cent deposit.  (Am. Compl. ¶ 21.)  They do not allege any representations regarding a price reduction for the beverage.

**Subsection (k)** only applies if a defendant "[m]akes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred."  Plaintiffs' allegations, however, only suggest that Fred Meyer misrepresented the nature of the 10-cent deposit as opposed to anything relating to the beverage.  (Am. Compl. ¶ 22.)

**Subsection (s)** only applies if a defendant "[m]akes false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services."  Plaintiffs' allegations only provide that the representation is that the "total price" would be

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

"reduced by 10 cents" upon redemption.  (Am. Compl. ¶ 23.)  Again, the alleged misrepresentation regarding the "price" only relates to the validity of the 10-cent deposit as opposed to the beverage.  (*Id.*)  There is no allegation about what the "total price" for the beverage was purportedly represented to be or that it included the 10-cent deposit in any advertisement or representation made to Plaintiffs.

      *Subsection (t)* only applies if "[c]oncurrent[ly] with tender or delivery of any real estate, goods or services" a defendant "fails to disclose any known material defect or material nonconformity."  Plaintiffs' allegations are that the representation regarding the "10-cent charge did not conform to Oregon bottle deposit law."  (Am. Compl. ¶ 24.)  Because the "nonconformity" relates to the deposit and not the beverage, this subsection does not apply.

      **B.    Plaintiffs Also Fail to Allege Violations of Several Subsections of the UTPA.**

      Apart from Plaintiffs' failure to allege any UTPA violation due to the absence of representations relating to "goods," several subsections of the UTPA that Fred Meyer purportedly violated simply do not apply on their face to Plaintiffs' allegations.

      *Subsection (j)* prohibits sellers from making "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions."  Plaintiffs assert that this provision was violated because Fred Meyer falsely represented "that the total price of the exempt beverages would be reduced by 10 cents when the exempt beverage containers were redeemed."  (Am. Compl. ¶ 21.)  This theory does not fit subjection (j) because it relates entirely to a redemption amount as opposed to any "price reduction" on the beverage.  *See Mendoza v. Lithia Motors, Inc.*, 2018 U.S. Dist. LEXIS 50193, at *17 (D. Or. Mar. 27, 2018) (dismissing claim because "the alleged misrepresentations do not include price reductions"); *see also Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 8788, 566 P.2d 1177 (1977) (dismissing claim for failure to allege a representation regarding the "normal or regular price of goods").  A container deposit is not a price reduction—it is part of the Bottle Bill's comprehensive bottle deposit and redemption scheme, which is separate from the product's

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

price.  Here, there is no allegation that the price of the beverage was represented as being discounted by 10-cents based on the redemption value.

**Subsection (k)** forbids any defendant from "[m]ak[ing] false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred."  A claim under subsection (k) must relate to a representation regarding "credit."  *See Mendoza v. Lithia Motors, Inc.*, 2017 U.S. Dist. LEXIS 4716, at *15-16 (D. Or. Jan. 11, 2017) (rejecting claim under ORS 646.608(1)(k) because "Plaintiffs do not allege that defendants misrepresented any fact relating to credit, or that they misrepresented the type of transactions entered into by plaintiffs").  It cannot merely relate to non-credit-related details of a "transaction" as that would swallow whole the other subsections.  Because Plaintiffs make no allegations regarding "credit," the claims fail.  (*See* Am. Compl. ¶ 22.)

### C.    Plaintiffs Fail to Allege a "Willful" Violation Under the UTPA.

Plaintiffs also fail to allege the element of a "willful" violation of the UTPA.  *See* ORS 646.638(1).  "A willful violation occurs when the person committing the violation knew or should have known that the conduct of the person was a violation."  ORS 646.605(10).

This Court has dismissed UTPA claims lacking factual allegations demonstrating willfulness—as opposed to, e.g., a mistake.  *See McKie v. Sears Prot. Co.*, 2011 U.S. Dist. LEXIS 47967, at *22-24 (D. Or. Feb. 22, 2011) ("statements do not violate the UTPA unless they constitute willful misrepresentations 'at the time that they were made'" and it is not enough that the defendant "was simply careless, not dishonest or intentionally misleading").  In particular, to satisfy the basic pleading requirements of Rule 8, it is not enough to make allegations "merely consistent with" their favored explanation (*i.e.*, willful violations).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678.  "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true."  *Eclectic Props. E., Ltd. Liab. Co. v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Here, Plaintiffs fail to meet this basic requirement because there are no facts suggesting that the purported imposition of the 10-cent deposit was purposeful as opposed to the alternative explanation of a possible mistake.  Beyond conclusory labels and assertions (*see* Am. Compl. ¶ 25), there is not a single factual allegation in the Amended Complaint to suggest that Fred Meyer "knew or should have known" that it was not in compliance with the Bottle Bill.  There are *no* allegations that any of the 25 Plaintiffs or any member of the putative class informed Fred Meyer that the deposit was being charged and purportedly did not apply.  There are *no* allegations that any of the 25 Plaintiffs or any member of the putative class lodged a complaint with Fred Meyer.  There are *no* allegations that Fred Meyer otherwise knew about the purported overcharge before this lawsuit was filed.[6]

---

[6] For the same reasons that Plaintiffs failed to allege the basic requirement of "willfulness" to state a claim under the UTPA, Plaintiffs have not satisfied the *heightened* scienter requirement of "reckless or knowing" conduct to recover $200 in statutory damages under the UTPA.  ORS 646.638(8)(a).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## VI.    CONCLUSION

The Court should dismiss the Amended Complaint with prejudice given Plaintiffs' inability to cure the legal deficiencies outlined above despite two attempts to do so.

DATED this 14th day of January, 2019.

**DAVIS WRIGHT TREMAINE LLP**

By  /s/ Jacob M. Harper

**KEVIN H. KONO**, OSB #023528
Email:  kevinkono@dwt.com
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Telephone: (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
Email:  fredburnside@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone:  (206) 757-8016

**JACOB M. HARPER**, *pro hac vice*
Email:  jharper@dwt.com
**JAMES H. MOON**, *pro hac vice*
Email:  jamesmoon@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800

Attorneys for Defendant
The Kroger Co., dba Fred Meyer

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 10,213 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 14th day of January, 2019.

**DAVIS WRIGHT TREMAINE LLP**

By  /s/ Jacob M. Harper

      **KEVIN H. KONO**, OSB #023528
      Email:  kevinkono@dwt.com
      1300 S.W. Fifth Avenue, Suite 2400
      Portland, OR 97201-5610
      Telephone: (503) 241-2300

      **FREDERICK B. BURNSIDE**, OSB #096617
      Email:  fredburnside@dwt.com
      920 Fifth Avenue, Suite 3300
      Seattle, WA 98104-1610
      Telephone:  (206) 757-8016

      **JACOB M. HARPER**, *pro hac vice*
      Email:  jharper@dwt.com
      **JAMES H. MOON**, *pro hac vice*
      Email:  jamesmoon@dwt.com
      865 South Figueroa Street, Suite 2400
      Los Angeles, CA 90017-2566
      Telephone:  (213) 633-6800

      Attorneys for Defendant
      The Kroger Co., dba Fred Meyer

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax