**Michael Fuller, OSB No. 09357**
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Phone 503-847-4329

**Young Walgenkim, OSB No. 124900**
young@hansonwalgenkim.com
Phone 503-383-1496

**Daniel J. Nichols, OSB 101304**
dan@hbclawyers.com
Phone 503-334-0611

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELISHA SOLANO *et al.*** | Case No. 3:18-cv-01488-AC |
| Plaintiffs | **MOTION FOR VOLUNTARY DISMISSAL OF CERTAIN PLAINTIFFS' CLAIMS WITHOUT PREJUDICE** |
| vs | |
| **THE KROGER CO.** dba **FRED MEYER** | |
| Defendant | Request for Telephonic Oral Argument |

**MOTION FOR VOLUNTARY DISMISSAL** – Page 1 of 49

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................3

CONFERRAL CERTIFICATION ..............................................................6

MOTION ...................................................................................................6

FACTUAL AND PROCEDURAL BACKGROUND ................................7

    1.  Procedural history ...........................................................................7

    2.  The Withdrawing Plaintiffs' current circumstances.....................8

    3.  Plaintiffs' attempt to resolve defendant's partial objection to dismissal ......................................................................................10

    4.  Defendant unilaterally noticed depositions of the Withdrawing Plaintiffs ......................................................................................13

LEGAL STANDARDS.............................................................................14

    1.  Rules 15 and 21 ............................................................................14

    2.  Rule 41 .........................................................................................15

ARGUMENT ...........................................................................................17

    1.  Caselaw on point ..........................................................................19

    2.  The caselaw on point indicates that under these circumstances, dismissal should be granted without costs or fees, and without conditions, including sitting for depositions ...............................29

    3.  The court should not compel the Withdrawing Plaintiffs to sit for depositions as condition of granting their voluntary dismissals43

CONCLUSION.........................................................................................47

**MOTION FOR VOLUNTARY DISMISSAL** – Page 2 of 49

# TABLE OF AUTHORITIES

**Cases**

*In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*,
2014 WL 12776747 (S.D.N.Y. Apr. 22, 2014) .............................29

*Burnett v. Ford Motor Co.*,
No. 3:13-cv-14207, 2015 WL 35408862015, 2015 U.S. Dist.
LEXIS 72278 (S.D. W. Va. June 4, 2015) .......................39, 41, 42

*Carr v. Int'l Game Tech.*,
No. 3:09-cv-00584-ECR-WGC, 2012 WL 600825, 2012 U.S. Dist.
LEXIS 22982 (D. Nev. Feb. 22, 2012)..........................................39

*Click v. Gm LLC*,
No. 2:18-CV-455, 2021 WL 3634695, 2021 U.S. Dist. LEXIS
182938 (S.D. Tex. Mar. 23, 2021) .......................................passim

*In re Currency Conversion Fee Antitrust Litig.*,
Nos. 01 MDL, 1409, M 21-95, 2004 WL 2453927, 2004 U.S. Dist.
LEXIS 22320 (S.D.N.Y. Nov. 3, 2004) ................................passim

*De Malherbe v. Int'l Union of Elevator Constructors*,
438 F. Supp. 1121 (N.D. Cal. 1977) .............................................14

*Doe v. Ariz. Hosp.*,
No. CV 07-1292-PHX-SRB, 2009 WL 1423378, 2009 U.S. Dist.
LEXIS 42871 (D. Ariz. Mar. 19, 2009)............................20, 37, 38

*Dysthe v. Basic Rsch., L.L.C.*,
273 F.R.D. 625 (C.D. Cal. 2011)............................................39, 40

*Forney v. First Am. Fin. Corp.* (*In re First Am. Fin. Corp.*),
No. SACV 19-1105 DSF(Ex), 2020 WL 7775623, 2020 U.S. Dist.
LEXIS 227688 (C.D. Cal. Dec. 3, 2020) ......................................44

*Hamilton v. Firestone Tire & Rubber Co.*,
679 F.2d 143 (9th Cir. 1982) ......................................................15

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ....................................................33

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ......................................................33

*Heilman v. Cook*,
No. 14-CV-1412 JLS (MDD), 2017 WL 727672, 2017 U.S. Dist.
LEXIS 26444 (S.D. Cal. Feb. 24, 2017) ......................................15

**MOTION FOR VOLUNTARY DISMISSAL** –Page 3 of 49

*Huynh v. Quora, Inc.*,
   No. 18-cv-07597-BLF, 2020 WL 4584198, 2020 U.S. Dist. LEXIS
   143932 (N.D. Cal. Aug. 10, 2020) ........................................passim

*James v. UMG Recordings, Inc.*,
   No. C 11-1613 SI, 2012 WL 4859069, 2012 U.S. Dist. LEXIS
   146759 (N.D. Cal. Oct. 11, 2012) .................................................31

*Kazi v. PNC Bank, N.A.*,
   No. 18-cv-04810-JCS, 2020 WL 5232602, 2020 U.S. Dist. LEXIS
   160438 (N.D. Cal. Sept. 2, 2020)..................................................18

*Koch v. Hankins*,
   8 F.3d 650 (9th Cir. 1993) ..........................................................17

*Mack v. LLR, Inc.*,
   No. EDCV 17-853 JGB (SHKx), 2021 U.S. Dist. LEXIS 203419
   (C.D. Cal. Jan. 4, 2021) ...............................................................33

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) .......................................................35

*McPhail v. First Command Fin. Planning, Inc.*,
   251 F.R.D. 514 (S.D. Cal. 2008) ...................................................46

*In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab.
   Litig.*,
   No. 14-cv-10318, 2018 WL 316369, 2018 U.S. Dist. LEXIS 1873
   (N.D. Ill. Jan. 4, 2018)....................................................20, 30, 34

*Org. of Minority Vendors, Inc. v. Ill. Cent. Gulf R.R.*,
   No. 79 C 1512, 1987 WL 8997, 1987 U.S. Dist. LEXIS 14049
   (N.D. Ill. Apr. 2, 1987)...........................................................19, 28

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ....................................................................45

*Redmond v. Mood's Investor Serv.*,
   No. 92 Civ. 9161 (WK), 1995 U.S. Dist. LEXIS 6277, 1995 WL
   276150 (S.D.N.Y. May 10, 1995)..................................................20

*Roberts v. Electrolux Home Prods.*,
   No. SACV 12-1644 CAS (VBKx), 2013 WL 4239050, 2013 U.S.
   Dist. LEXIS 115870 (C.D. Cal. Aug. 14, 2013).....................23, 30

*Smith v. Lenches*,
   263 F.3d 972 (9th Cir. 2001) ....................................15, 16, 31, 43

*Solano v. Kroger Co.*,
   No. 3:18-cv-01488-AC, 2020 WL 7028473, 2020 U.S. Dist. LEXIS
   223143 (D. Or. Nov. 30, 2020).........................................35, 36, 42

**MOTION FOR VOLUNTARY DISMISSAL** –Page 4 of 49

*Sonoma Cnty. Ass'n of Retired Emp. v. Sonoma County*,
    708 F.3d 1109 (9th Cir. 2013) .......................................................14

*Tierno v. Rite Aid Corp.*,
    No. C 05-02520 TEH, 2008 WL 2705089, 2008 U.S. Dist. LEXIS
    112461 (N.D. Cal. July 8, 2008)....................................................45

*In re Urethane Antitrust Litig.*,
    No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, 2006 U.S. Dist.
    LEXIS 38503 (D. Kan. June 9, 2006) ...........................................33

*Valenzuela v. Union Pac. R.R. Co.*,
    No. CV-15-01092-PHX-DGC, 2016 WL 679095, 2016 U.S. Dist.
    LEXIS 69859 (D. Ariz. May 27, 2016) ..........................................37

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .......................................................................35

*Westlands Water Dist. v. United States*,
    100 F.3d 94 (9th Cir. 1996) .....................................................16, 31

*Williams v. Peralta Cmty. Coll. Dist.*,
    227 F.R.D. 538 (N.D. Cal. 2005) .......................................15, 16, 43

## Statutes

ORS 646.608(1)(e) .......................................................................35

ORS 646.608(1)(s) .......................................................................35

## Rules

FRCP 15 ...............................................................................14, 17

FRCP 15(a)(2) .............................................................................14

FRCP 21 ......................................................................................14

FRCP 23 ...................................................................12, 17, 36, 42

FRCP 23(a) .............................................................22, 32, 34, 35

FRCP 23(a)(2).............................................................................41

FRCP 41 ......................................................................................15

FRCP 41(a)(1)(A)(ii) ..................................................................10

FRCP 41(a)(2)......................................................................passim

**MOTION FOR VOLUNTARY DISMISSAL** –Page 5 of 49

## LR 7-1 CONFERRAL CERTIFICATION

The parties conferred extensively and in good faith via phone and email but were unable to resolve this dispute and defendant opposes part of the relief requested in this motion as set forth more fully below.

## MOTION

Under FRCP 41(a)(2), plaintiffs respectfully request that the claims of Liane Jones, Scott Pennett, Krystyna Miller, Thomas Ahles, Brian Gleason, Clayton Bishop, Lindsey Roby, Linda Madsen, Elizabeth Gotham, Melissa Buckhannon, William Orleman, Kindra Tappan, Anand Sathyaraj, and Eric Lee (Former Plaintiffs) and Donna Juel, Rick Veneman, Robert Anderson, Arlene Johnston, Holly Simone, Michael Teegarden, and Paul Ruggles (Withdrawing Plaintiffs) be voluntarily dismissed without prejudice, without conditions, and without costs or fees to any party, so that these individuals can be removed as named proposed class representative plaintiffs, becoming non-participating absent putative class members.

Plaintiffs' understanding is that defendant does not oppose the unconditional dismissal without prejudice as to the Former Plaintiffs, but that defendant seeks to condition the dismissal without prejudice of the seven Withdrawing Plaintiffs on being required to sit for depositions.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 6 of 49

## FATUAL AND PROCEDURAL BACKGROUND

### 1.    Procedural history

On August 13, 2018, plaintiffs filed this class action on behalf of thousands of other Oregon Fred Meyer customers who were assessed and paid 10 cents more for supposed "bottle deposit" charges on exempt beverages that, despite defendant's misrepresentations to the contrary, could not in fact be redeemed for 10 cents. Doc. 1. At the time that the initial putative class action complaint was filed, there were 4 named proposed class representative plaintiffs. *Id*. On November 2, 2018, plaintiffs filed an amended complaint, as a matter of right, adding 21 additional named plaintiffs who had contacted counsel and signed up to be proposed class representatives. Doc. 5.

On December 7, 2020, after defendant's motion to dismiss was fully adjudicated, plaintiffs filed a second amended complaint that added factual details as to some of the named plaintiffs, and removed 14 of the 25 proposed representative plaintiffs listed on the previous amended complaint, including Liane Jones, Scott Pennett, Krystyna Miller, Thomas Ahles, Brian Gleason, Clayton Bishop, Lindsey Roby, Linda Madsen, Elizabeth Gotham, Melissa Buckhannon, William Orleman, Kindra Tappan, Anand Sathyaraj, and Eric Lee, as named

plaintiffs—retaining 11 of the proposed class representative plaintiffs.

*See* Doc. 49.[1] Plaintiffs' second amended complaint specified:

> On December 7, 2020, plaintiffs filed a second amended complaint for unlawful trade practices and unjust enrichment on behalf of current class representatives who kept a copy of a receipt of their transaction with Fred Meyer, as ordered by the Court. Plaintiffs reserve the right to add additional class representatives and further amend the complaint as additional receipts are obtained through the discovery process, *and to remove class representatives who may no longer reside in Oregon or otherwise be interested in participating.*

*Id.* ¶ 1 (emphasis added).

### 2.    The Withdrawing Plaintiffs' current circumstances

During the process of consulting with each remaining and currently-named proposed class representative plaintiffs in regard to their discovery responses in the fall of 2021, plaintiffs' counsel discovered that, like many people, the ongoing COVID-19 pandemic and the three years that this case had been pending (largely to litigate defendant's motion to dismiss) had taken a substantial toll on the lives and wellbeing of many of the currently-named plaintiffs in this case, negatively affecting the capacity of seven of them to participate in

---

[1] During the litigation of defendant's motion to dismiss, which was ultimately denied by the reviewing Court, plaintiffs agreed to either provide additional factual details as to certain named plaintiffs, or to remove those individuals as proposed representative plaintiffs, in an amended complaint, and the Court granted plaintiffs leave to do so. *See* Doc. 41 at 10; Doc. 47 at 2, 11.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 8 of 49

discovery and to continue as adequate proposed class representative plaintiffs in this case. Declaration of Kelly D. Jones (Jones Decl.) ¶2.

Specifically, seven of the remaining 11 plaintiffs named in the second amended complaint, the Withdrawing Plaintiffs—Donna Juel, Rick Veneman, Robert Anderson, Arlene Johnston, Holly Simone, Michael Teegarden, and Paul Ruggles—during and since the years it took to pass through the stay of discovery to litigate defendant's motion to dismiss, have developed health, economic, family, and other personal issues including those caused by the COVID-19 pandemic, that have rendered them unable or unwilling to continue as proposed class representatives plaintiffs in this action.[2] *Id.* at ¶3.

On September 3, 2021[3], after learning that these individuals could not or would not be able to adequately continue in the roles of proposed class representative plaintiffs, plaintiffs' counsel conveyed to defendant that these individuals would be withdrawing as proposed representative plaintiffs. *Id.* ¶4, Exhibit 1 (Ex. 1), at 1. Plaintiffs' counsel

[2] The declarations of the Withdrawing Plaintiffs filed in support of the motion to dismiss and this motion, are under seal pursuant to the protective order entered in this case (Doc. 56) given the sensitive information disclosed in those declarations, including their personal health information and circumstances.

[3] Mr. Ruggles' dismissal and withdrawal as a proposed representative plaintiff was conveyed to defendant a bit later on December 15, 2021, through inclusion of Mr. Ruggles in a draft of a proposed stipulated dismissal, based on subsequent conversations between Mr. Ruggles and counsel. Jones Decl. ¶5; Ex 2.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 9 of 49

provided the clarification when defense counsel asked why the Withdrawing Plaintiffs (other than Ruggles) did not respond to their written discovery. *Id*. at 3. Defense counsel have not pressed for written discovery responses from the Withdrawing Plaintiffs, nor have they indicated an intent to move to compel responses. Jones Decl. ¶6.

### 3. Plaintiffs' attempt to resolve defendant's partial objection to dismissal

From September 3, 2022 to December 23, 2021, the parties conferred on various discovery disputes, resolved most of them, and scheduled the depositions of the remaining proposed class representative plaintiffs (Elisha Solano, Kathleen Zach, Carolyn Espinoza, and Denise Conroy),[4] negotiated and requested extensions of the current deadlines, and worked toward setting dates for defendant's corporate and fact witness depositions. Jones Decl. ¶6; Ex. 1.  During that period, plaintiffs sought to avoid the need for Court involvement and attempted to obtain defendant's stipulation allowing formal dismissal of the Former Plaintiffs and the Withdrawing Plaintiffs under FRCP 41(a)(1)(A)(ii). Jones Decl. ¶6 , Exhibit 1 at 8-27; Exhibit. 2. Defendant agreed to stipulate to the dismissal of the Former plaintiffs without prejudice and without conditions. Ex. 1 at 16. However, as to

---

[4] These depositions of these remaining proposed class representative plaintiffs were taken by defendant as scheduled on January 13 and 14, 2022. Jones Decl. ¶7.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 10 of 49

the Withdrawing Plaintiffs, defendant refused to stipulate unless the Withdrawing Plaintiffs agreed to sit for future depositions. Jones Decl. ¶6;  Ex. 1 at 10-18.

Plaintiffs' counsel explained that they did not have authority to condition dismissal on these Withdrawing Plaintiffs' agreement to sit for a deposition, that these individuals simply wanted to revert to the status of every other non-participatory absent class member, and that mandating their future depositions was in conflict with their inability or unwillingness to carry on as proposed representatives and the duties and burdens that this role requires. Ex. 1 at 9-18.

During the conferral, plaintiffs' counsel provided caselaw, explaining that in analogous circumstances, courts routinely grant dismissal of former proposed class representatives' claims without prejudice, without an award of fees or costs, and without conditions, including sitting for a future deposition, in circumstances where (as here): (1) no class certification motion has yet been filed or granted formally appointing the plaintiff seeking to be removed as a proposed class representative, (2) the withdrawing plaintiffs are not in violation of previous court orders, and (3) the defendant could not show it would suffer significant prejudice because the withdrawing plaintiff had unique and important information relevant to class certification which could not be obtained from another source, including from any

remaining class representative plaintiff. *Id.* Plaintiffs' counsel also explained that courts have dismissed withdrawing plaintiffs even when the proposed representative plaintiff's deposition was noticed *before* the defendant knew that the plaintiff intended to withdraw as representative plaintiff (contrary to the situation here, where defendant knew before noticing the deposition that the plaintiffs intended to withdraw). *Id.* at 17-18.

As to the reasons to demand the Withdrawing Plaintiffs depositions, defendant asserted that "[d]iscovery from these individuals, including without limitation **the circumstances for them declining to continue as putative class representatives**, is plainly relevant to typicality and commonality at the very least. *Id.* at 10 (emphasis added). In a subsequent conferral response email, defendant stated that it "seeks relevant information . . . relevant to typicality and commonality . . . the information is not readily available from other sources (e.g., allegations regarding oral communications with defendant and **the reasons for discontinuing their role as class representatives**)." *Id.* at 16 (emphasis added).

Plaintiffs explained that whether the Withdrawing Plaintiffs themselves could satisfy the Rule 23 factors was moot because they would not be applying to be class representatives, and defendant's desire to depose these soon to be absent class members regarding individual

issues and the reasons for their withdrawals was an irrelevant and improper justification. *Id.* at 17-18.

### 4. Defendant unilaterally noticed depositions of the Withdrawing Plaintiffs

On December 23, 2021, while the parties were still conferring and the evening before the Christmas holiday weekend, defendant unilaterally noticed the depositions of the Withdrawing Plaintiffs. *Id.* at 19; Jones Decl. ¶8, Exhibit 3. Dealing with defendant's notice on Christmas eve, plaintiffs asked defendant to immediately withdraw the unilaterally set deposition notices. *Id.* at 19. Despite repeated requests over the holidays for defendant to withdraw the deposition notices until the Court could rule on the threshold question: whether defendants could condition the voluntary dismissal of Withdrawing Plaintiffs on taking their depositions, defendant refused to formally withdraw the deposition notices or cancel the depositions, or agree to the stipulated dismissal, stating at one point that "we are not required to confer regarding the right to take a deposition of a named party before setting a deposition." *Id.* at 20-27; Jones Decl. ¶9.

Eventually, after many requests and a lengthy phone conference, after the holidays, defendant agreed to take the depositions "off calendar" (but not to withdraw or cancel them), pending resolution of a motion for protective order and this contested motion to dismiss, as long

as the motions were filed by a certain date[5]. Ex. 1 at 21-39; Jones Decl. ¶10. Therefore, unfortunately, plaintiffs had to seek Court resolution through this motion and a companion motion for protective order that incorporates the contents of, and relies on the supporting declarations and evidence filed in support of, this motion.

## LEGAL STANDARDS

### 1.    Rules 15 and 21

FRCP 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FRCP 15(a)(2) states "[t]he court should freely give leave [to amend] when justice so requires." This rule is be applied with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Emp. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). "[T]he liberal standard of Rule 15 also applies to Rule 21 motions." *De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977). "The test of whether additions or subtractions of parties should be allowed under Rule 21, like the test under Rule 15, is whether such action will prejudice the non-moving party, and whether

---

[5] Unfortunately, multiple members of plaintiffs' legal team were recently infected with Covid, fell ill, and needed time to recover. Thus, it took longer than anticipated to get this motion and the motion for protective order drafted, the supporting documents gathered, and filed. Defendant agreed to allow additional time to do so and that the agreement to take the depositions "off calendar" so the motions could be filed and this dispute could be resolved by the Court was accordingly extended. Ex. 1 at 40-45; Jones Decl. ¶10.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 14 of 49

it will serve to avoid multiplicity of suits." *Heilman v. Cook*, No. 14-CV-1412 JLS (MDD), 2017 WL 727672, 2017 U.S. Dist. LEXIS 26444, at *4 (S.D. Cal. Feb. 24, 2017).

### 2.    Rule 41

FRCP 41(a)(2) provides that, "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The decision to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In deciding a Rule 41(a)(2) dismissal motion, a court makes three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal  should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice means prejudice to some legal interest, some legal claim, some

legal argument." *Id.* at 976 (internal quotation marks omitted). Examples of legal prejudice include loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "[U]ncertainty because a dispute remains unresolved or because the threat of future litigation . . . causes uncertainty does not result in plain legal prejudice. Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend, in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 975  (internal quotation marks omitted).

"The Ninth Circuit has indicated that, *if* a plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the lower court." *Williams*, 227 F.R.D. at 539 (emphasis added). "Dismissal with prejudice may be appropriate where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Id.* at 539-40 (internal quotation marks and citation omitted). "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Id.* at 540 (cleaned

up). As a condition for dismissal under Rule 41(a)(2), a court can only order recovery of fees and costs "for work which is not useful in continuing litigation between the parties." *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

## ARGUMENT

The Former and Withdrawing Plaintiffs clearly have the right to be dismissed from their own lawsuit. However, whether this motion allowing the voluntary dismissal of the claims of the 14 Formerly Named Plaintiffs and the 7 Withdrawing Plaintiffs without prejudice, to effectuate their "withdraw"[6] as named class representative plaintiffs *prior to* class certification, is properly brought under FRCP 15, 21, and/or 41 is not entirely clear. *See, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, Nos. 01 MDL, 1409, M 21-95, 2004 WL 2453927, 2004 U.S. Dist. LEXIS 22320, at *2-6 (S.D.N.Y. Nov. 3, 2004) (allowing withdrawal of seven of the proposed class representative plaintiffs in very similar circumstances and discussing both Rules 21 and 41(a)(2)); *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2020 WL 4584198, 2020 U.S. Dist. LEXIS 143932, at *4-9 (N.D. Cal. Aug. 10, 2020) (granting

---

[6] "Withdraw" in this context more precisely describes a class plaintiff who has already been formally appointed as an actual class representative by the court as part of the Rule 23 class certification process, then the court-appointed class representative subsequently seeks removal from that appointment. However, plaintiffs use this word, as many courts do, to refer to a pre-certification, pre-appointment dismissal as is requested here.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 17 of 49

voluntary dismissal of proposed representative plaintiff without conditions under Rule 41(a)(2)); *Kazi v. PNC Bank, N.A.*, No. 18-cv-04810-JCS, 2020 WL 5232602, 2020 U.S. Dist. LEXIS 160438, at *3-5 (N.D. Cal. Sept. 2, 2020) (finding that the choice between Rules 15 and 41 as to dismissal of a plaintiff's claims "is largely a technical one," that the plaintiff's dismissal "comports with Rule 41(a)(2)," and granting dismissal of class representative plaintiff's claims without prejudice including as to any relief he might recover as an absent class member, noting that "Courts in this district have routinely granted motions to dismiss named plaintiffs without prejudice to recovery as class members under similar circumstances.").

Plaintiffs rely on FRCP 41(a)(2) as the appropriate authority, both out of an abundance of caution and also to comport with the authorities discussed herein. Regardless, the clear weight of the caselaw deciding this issue under analogous facts indicates that under these circumstances the Court should allow the voluntary dismissal of the claims of these Withdrawing Plaintiffs—who are no longer able or willing to shoulder the responsibilities of being proposed class representatives—without prejudice and without any assessment of costs, fees, or conditions—including ordering them to sit for depositions. In doing so, the Court would allow these individuals to simply revert to the status of non-participating absent class members, joining the

thousands of fellow Oregon consumers and putative class members who have been harmed by defendant's unlawful practices. Below is a summary of just some of the well-reasoned and on point decisions the Court should find persuasive in granting the precise relief requested by plaintiffs here.

### 1.    Caselaw on point

In *Currency Conversion*, prior to certification, the plaintiffs filed a motion seeking withdrawal of seven of the named proposed class representative plaintiffs. 2004 WL 2453927, 2004 U.S. Dist. LEXIS 22320, at *2. The defendants opposed the withdrawal and argued that they should be able to depose the withdrawing plaintiffs to learn more about the reasons for their withdrawals. *Id*. The court found that because the withdrawing plaintiffs could not or did not want to participate in the role of class plaintiffs, they could not adequately protect the interests of the other class members, rendering them inadequate representatives, and therefore "due process require[d] their withdrawal as class representatives." *Id*. at *4.

The court reiterated the maxim that "'absent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to" and that the dismissal of the withdrawing plaintiffs' claims without prejudice would revert them to the status of ordinary absent class members *Id.* (quoting *Org. of Minority Vendors, Inc. v. Ill. Cent. Gulf R.R.*, No. 79 C

**MOTION FOR VOLUNTARY DISMISSAL** –Page 19 of 49

1512, 1987 WL 8997, 1987 U.S. Dist. LEXIS 14049, at *1 (N.D. Ill. Apr. 1, 1987)). The court refused to condition the withdrawing plaintiffs' dismissal on their being required to sit for depositions, noting that "'[t]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy,'" that "'discovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate,'" and that "defendants seek depositions for individual issues [to learn the circumstances surrounding the plaintiff's putative withdrawals] and therefore have not overcome their heavy burden to justify such a request." *Id.* at *5 (quoting *Redmond v. Mood's Investor Serv.*, No. 92 Civ. 9161 (WK), 1995 WL 276150, 1995 U.S. Dist. LEXIS 6277, at *3 (S.D.N.Y. May 10, 1995)).

In ***Doe v. Arizona Hospital***, one of the plaintiffs moved to withdraw as a putative class representative, to dismiss her claim without prejudice pursuant to Rule 41(a), and to be relieved of her discovery obligations, including appearing for a deposition. No. CV 07-1292-PHX-SRB, 2009 WL 1423378, 2009 U.S. Dist. LEXIS 42871, at *47 (D. Ariz. Mar. 19, 2009). The defendants argued that the plaintiff should not be allowed to withdraw as a proposed class representative unless she was ordered to comply with all outstanding discovery requests and to sit for her deposition. *Id.* at *48. The court found that allowing the plaintiff to withdraw as a proposed class representative "is the

appropriate and just approach if [she] does not wish to represent the class," because there was no reason to believe that the plaintiff sought "to withdraw for anything other than good faith reasons," and the "Court is not in a position to question [plaintiff's] family or personal situation, which is her stated reason for wishing to withdraw; certainly, the pressures and obligations of extended litigation would present challenges to many people." *Id*. at *49-50 (internal quotation marks and citation omitted). The court reasoned that "because there are several other identified class representatives, and the class has not yet been certified, Defendants in this case will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative." *Id*. at *50.

In regard to the defendants' insistence that the withdrawing plaintiff be ordered to sit for her deposition, the court noted that "the burden to obtain discovery of any kind from absent class members is very high," and found that the defendants "have not met the substantial burden required to compel an absent plaintiff to submit to discovery, particularly a deposition," as this condition was "particularly unnecessary in light of the fact that there are currently three identified class representatives who could be-and, in at least one case, already have been-deposed in her stead." *Id*. at *50-52.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 21 of 49

In *In re Navistar Maxxforce Engines Marketing, Sales Practices & Products Liability Litigation*, 15 of the named proposed representative plaintiffs motioned the court to dismiss their claims voluntarily without prejudice to participate as absent members of any certified class, and as a condition of the dismissal the defendants requested that the court condition the dismissal of to-be-dismissed plaintiffs on their having to respond to defendants' outstanding discovery requests and comply with deposition notices, served long before the motion for dismissal was filed. No. 14-cv-10318, 2018 WL 316369, 2018 U.S. Dist. LEXIS 1873, at *27-28 (N.D. Ill. Jan. 4, 2018). The court noted that "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable (routine) feature of class action litigation . . . in the federal courts." *Id.* (internal quotation marks and citation omitted).

The court also reiterated that "when a potential class representative drops out before certification, questions of whether that plaintiff satisfies the requirements of Rule 23(a), such as adequacy, become moot, so if the plaintiff is allowed to withdraw, some other justification for discovery from the plaintiff on those issues must exist," and that "[i]n the end, the focus under Rule 41(a)(2) must remain on whether the defendants will suffer prejudice and, if so, what terms and

conditions will cure it." *Id*. at *31-33. In granting the plaintiffs' dismissal, without the discovery compliance conditions requested by the defendants, the court reasoned that "[w]hile proposed dismissed plaintiffs transparently desire to avoid discovery, imposing a condition on dismissal cannot be justified by their motives alone," and while the defendants' "frustration with the proposed dismissed plaintiffs' apparent desire to avoid discovery that has been outstanding for as much as a year may be frustrating," the defendants "have not persuaded the court that legal prejudice warrants a conditional dismissal," and have not demonstrated that they would be "prejudiced at the certification stage without the proposed dismissed plaintiffs' responses to the outstanding discovery requests" or their deposition testimony. *Id*. at *34-38.

In ***Roberts v. Electrolux Home Products***, two of the named class plaintiffs sought to withdraw as proposed representatives because they "no longer have the time, energy, and focus to act as class representatives in this case." No. SACV 12-1644 CAS (VBKx), 2013 WL 4239050, 2013 U.S. Dist. LEXIS 115870, at *3 (C.D. Cal. Aug. 14, 2013). The defendants argued that the plaintiffs should be ordered to sit for pre-withdrawal depositions, as this was a condition that had been imposed by some courts. In granting the plaintiffs' motion for dismissal without prejudice, the court pointed out that withdrawal is granted in

these circumstances "unless the request is made in bad faith or granting the request would result in undue prejudice to the defendant," and because "there has been no delay in prosecuting this action, and because the request to withdraw has been made before either a motion for summary judgment or a motion for class certification, the timing of the request suggests that it should be granted." *Id.* at \*4-5. In rejecting the defendant's request that the plaintiffs' withdrawal and dismissal  be conditioned on their sitting for depositions, the court reasoned that defendant "has not made any showing that it has expended significant time and energy preparing for these depositions," and has not "explained how any of its other preparations in this case would be undermined," if the plaintiffs were permitted to withdraw without being deposed. *Id.* at \*6.

Recently, in ***Huynh***, the court granted the plaintiffs' Rule 41(a)(2) motion dismissing proposed representative's claims "without prejudice, and without assessment of costs, fees or conditions." The plaintiffs' counsel circulated a joint stipulation to the defendant's counsel proposing the voluntary dismissal of one of the named plaintiffs from the action, but the  parties were unable to come to an agreement as to the stipulation because the defendant demanded that the withdrawing plaintiff agree to be deposed as a condition of the stipulated dismissal; thus the plaintiffs were forced to file a contested motion with the court.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 24 of 49

*Id.* at *4. In granting the dismissal without prejudice, costs, or conditions, allowing the former plaintiff to revert the status of an absent class member, the court found that the defendant had not allege any sufficient prejudice because there was another named representative plaintiff remaining in the litigation who had already been deposed, the case, "with its remaining named plaintiff, will continue to move forward as planned with or without [the withdrawing plaintiff's] participation as a named or absent class member," and "[t]he cases cited by Defendant to support the position that [the withdrawing plaintiff's] dismissal should be conditioned on her sitting for a deposition are factually different than this present case or support a dismissal without conditions." *Id.* at *7-10.

Within the last year, in ***Click v. Gm LLC***, in another case in a materially identical posture to the case at hand, the court thoroughly reviewed the relevant caselaw from around the country and granted the dismissal of the proposed class representative plaintiff's (Click) claims without prejudice and without conditions, including that Click sit for his deposition that had been noticed by the defendant *prior* to learning of Click's intent to be dismissed as a representative plaintiff. No. 2:18-CV-455, 2021 WL 3634695, 2021 U.S. Dist. LEXIS 182938, at *14 (S.D. Tex. Mar. 23, 2021). Click along with nine other named plaintiffs filed the nationwide putative class action case in December 2018 and amended

**MOTION FOR VOLUNTARY DISMISSAL** –Page 25 of 49

their complaint to add another proposed representative plaintiff a few months later. *Id*. at *3. During the following three years, the litigation was partially stayed to determine whether the case should be transferred for multidistrict litigation purposes, and due to the parties having to deal with the circumstances of the COVID-19 pandemic. *Id*.

In May 2020, four of the named plaintiffs were dismissed without prejudice by joint stipulation, and in November 2020, plaintiffs' counsel had to withdraw from representing one of the other named plaintiffs because that individual failed to respond to counsel's communications. *Id*. At the time of his proposed dismissal in March 2021, Click was one of six remaining named proposed representative plaintiffs, and no class certification motion had yet been filed. *Id*. *Before* Click's intent to dismiss his claims and withdraw as a proposed representative plaintiff was conveyed to the defendant, Click had responded to some of the defendant's discovery requests and the defendant had already (properly) noticed Click's deposition. *Id*. at *4. When it was approached to consent to Click's dismissal, the defendant responded that it would not stipulate unless Click agreed to sit for his deposition and an inspection of his vehicle that formed the basis of his claims. *Id*.

In finding that the defendant had not made a sufficient showing of the requisite legal prejudice that would result from the dismissal of Click's claims without prejudice and his not sitting for his previously

noticed deposition, the court reasoned that the defendant "has not identified any defense that it will lose or applicable law that will change as a result of Plaintiff Click's request to dismiss his claims. Neither have Plaintiffs sustained any adverse ruling that will be eliminated by Click's dismissal. Indeed, while the motion to certify the class has an impending deadline, nothing in the record suggests that Click's motivation to dismiss is based on any expectation that the class certification motion will fail if he is made a class representative." *Id.* at *6. The court noted that although the defendant "raised no such argument when consenting to the prior voluntary dismissals of named Plaintiffs," it now asserted that it would be prejudiced if it was not able to complete discovery, including the deposition of the subsequently dismissed plaintiff Click, because "it might learn something that could impact the class definition or its certification," which would prevent the "manipulation of discovery in order to bias the class determination." *Id.* at *6-7. The court stated that the central question was "whether the timing of Click's [dismissal] request makes a material difference in the case." *Id.* at *7.

After carefully distinguishing and explaining why it would not follow the caselaw cited by the defendant in support of its position, the court found that "[r]equiring the deposition of a withdrawing party, even a class representative, is not a routine matter," and that the defendant "has not articulated a sufficient, particularized reason it seeks Click's

**MOTION FOR VOLUNTARY DISMISSAL** –Page 27 of 49

deposition. It has not met its burden." *Id*. at *7-12. Specifically, the court held that the defendant's "suggestion that Click owns a class vehicle that may give clues regarding commonality and typicality of the class claims is insufficient to distinguish Click from any other class representative or absent class member. GM has supplied no reason that Click should be subjected to this additional discovery." *Id*.

In refusing to order that Click sit for his deposition as a condition of his dismissal without prejudice, the court also relied on the pragmatic legal principle that "'[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to.'" *Id*. at *12-13 (quoting *Org. of Minority Vendors*, 1987 WL 8997, 1987 U.S. Dist. LEXIS 14049, at *17). The court found that a defendant's "speculation of some defect in the merits of the case attributable to the plaintiff's desire to withdraw," or the remote "possibility that the plaintiff was lying about the reasons for withdrawal," or that the fact that a defendant would have fewer representative plaintiffs from whom they could take discovery, was inadequate justification to compel further discovery from, including the deposition of, a to-be-dismissed named class plaintiff such as Click. *Id*.

---

[7] In *Organization of Minority Vendors*, the court found that "[n]either the pending motion to compel nor the response to this motion suggest why the [plaintiffs seeking dismissal] should be singled out from other class members for the requested discovery, and there is no obvious reason to do so. Thus it is concluded that the withdrawn plaintiffs are not required to comply with outstanding discovery." *Id*. at *2.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 28 of 49

at *13 (discussing and adopting as persuasive the reasoning in *In re Avon Anti-Aging Skincare Creams & Products Marketing & Sales Practices Litigation*, 2014 WL 12776747, at *2 (S.D.N.Y. Apr. 22, 2014)).

In conclusion, the court held that the defendant "failed to demonstrate plain legal prejudice if Click is permitted to withdraw as a named plaintiff," and that it did "not deem the timing of withdrawal or the status of any discovery proceedings or prior orders sufficient to justify conditioning the withdrawal on further discovery. Thus, Plaintiff Click is entitled to dismiss his claims without prejudice and without conditions." *Id*. at *14.

2.    **The caselaw on point indicates that under these circumstances, dismissal should be granted without costs or fees, and without conditions, including sitting for depositions.**

The decisions discussed *supra* soundly and pragmatically apply the relevant legal principles and the rules to allow the pre-certification dismissal of a proposed class representative plaintiff's claims without prejudice, and without the imposition of costs or fees and conditions, including that the withdrawing putative class plaintiff sit for a deposition. The material facts and procedural postures of these cases are substantively indistinguishable from the case at hand.

Here, Withdrawing Plaintiffs  are no longer able or willing to serve in the role of class representative and request that they be removed from that proposed role—*before* a motion for class certification

has been filed formally requesting that these individuals be appointed as class representatives. There have been no adverse discovery rulings against these individuals, "there has been no delay in prosecuting this action, and because the request to withdraw has been made before either a motion for summary judgment or a motion for class certification, the timing of the request suggests that it should be granted." *Roberts*, 2013 WL 4239050,2013 U.S. Dist. LEXIS 115870, at *5.

And here (unlike in the cases above) defendant unilaterally noticed these individuals' depositions, during conferral on a stipulation to dismiss the Withdrawing Plaintiffs' claims, only *after* it had notice that these individuals intended to dismiss their claims and would not seek to be appointed as class representative plaintiffs because they were no longer willing or able to satisfy the burdens required of class representatives. *See*, *e.g.*, *Click*, 2021 WL 3634695, 2021 U.S. Dist. LEXIS 182938, at *4 (granting dismissal without prejudice and conditions, including sitting for deposition, even though Click's deposition had been *properly* noticed *before* he had given notice of his intent to be dismissed); *Navistar*, 2018 WL 316369, 2018 U.S. Dist. LEXIS 1873, at *28 (accord; noting that defendants sent deposition notices to the withdrawing representative plaintiffs five months before the filing of the motion for voluntary dismissal).

**MOTION FOR VOLUNTARY DISMISSAL** –Page 30 of 49

Given the facts here it is abundantly clear that defendant has not shown, and cannot show, any actual prejudice, let alone "plain legal prejudice," that would result if the claims of these particular Withdrawing Plaintiffs are dismissed without prejudice and without the Court ordering that these individuals sit for a deposition. *Huynh*, 2020 WL 4584198, 2020 U.S. Dist. LEXIS 143932, at *7-8; *Westlands*, 100 F.3d at 97; *Smith*, 263 F.3d at 975; *James v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 4859069, 2012 U.S. Dist. LEXIS 146759, at *16 (N.D. Cal. Oct. 11, 2012) ("Here, UMGR asserts that it will suffer prejudice because it has already expended considerable effort in producing discovery, reviewing documents, and deposing the three plaintiffs. However, UMGR has failed to demonstrate how the dismissal of these plaintiffs will unfairly harm its legal claims. Because UMGR cannot show that it will suffer 'plain legal prejudice,' the Court hereby DISMISSES WITHOUT PREJUDICE plaintiffs Rob Zombie, White Zombie, and Otis Robert Harris.").

As to defendant's assertions of supposed prejudice that could result if the Withdrawing Plaintiffs were not made to sit for their depositions as a condition of their withdraw and dismissal, during conferral in an email sent on December 13, 2021, defendant stated:

> As of now, of course, all named plaintiffs remain parties to the case and thus are subject to deposition. Even once they are dismissed, those plaintiffs who are dismissed will not merely be class members. They will be former putative

class representatives who alleged, among other things, **that their claims were "typical of the claims of the class members" and that they had "no interests adverse to the class members,"** SAC ¶ 30, but then declined to continue as representatives of the putative class. Discovery from these individuals, **including without limitation the circumstances for them declining to continue as putative class representatives, is plainly relevant to typicality and commonality at the very least**.

Ex. 1 at 10 (emphases added).

In a subsequent email on December 20, 2021, defendant similarly stated its justification for mandating the Withdrawing Plaintiffs' ' depositions was because "**defendant seeks relevant information (*e.g.*, relevant to typicality and commonality**); the discovery is not unduly burdensome and is sought in good faith (defendant seeks only short depositions of each); and the information is not readily available from other sources (*e.g.*, **allegations regarding oral communications with defendant and the reasons for discontinuing their role as class representatives**)." *Id*. at 16. (emphases added).

The caselaw correctly applying the relevant legal principles under these circumstances highlights why defendant's demand that the Court condition dismissal of these individual claims in their sitting for depositions is practically and legally insufficient. Defendant's generic arguments that the Withdrawing Plaintiffs *may* have information relevant to the "typicality" factor in FRCP 23(a) clearly miss the mark.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 32 of 49

"The purpose of the typicality requirement is to assure that the interest *of the named representative* aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (emphasis added). "Resolution of two questions determines legal adequacy: (1) do *the named plaintiffs* and their counsel have any conflicts of interest with other class members and (2) will *the named plaintiffs* and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (emphases added).

Therefore, although the unspecified hypothetical information regarding "typicality" or "adequacy" that defendant is supposedly seeking from these individuals could conceivably be relevant to certification *if* these individuals were still seeking to be appointed as class representatives. But they are not. Therefore, such information is wholly irrelevant now that these individuals are no longer requesting court appointment to this role. *See*, *e.g.*, *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL-DJW, 2006 WL 8096533, 2006 U.S. Dist. LEXIS 38503, at *21 n.11 (D. Kan. June 9, 2006) ("Whether IRP did or did not purchase the relevant products is not an issue that needs to be determined prior to the class certification hearing if IRP is not a class representative."); *Mack v. LLR, Inc.*, No. EDCV 17-853 JGB (SHKx), 2021 U.S. Dist. LEXIS 203419, at *8 (C.D. Cal. Jan. 4, 2021) ("[W]hether Ms. Heinichen preserved evidence or didn't does not prejudice

**MOTION FOR VOLUNTARY DISMISSAL** –Page 33 of 49

Defendants in the remaining claims advanced by Plaintiffs Benjamin, Doran, Goodwin, Jones, and Mack. And whether Ms. Heinichen purchased leggings in 2017 or on December 31, 2016 is too trivial to matter either way."); *Navistar*, 2018 WL 316369, 2018 U.S. Dist. LEXIS 1873, at *31-37 (recognizing that "when a potential class representative drops out before certification, questions of whether that plaintiff satisfies the requirements of Rule 23(a), such as adequacy, become moot, so if the plaintiff is allowed to withdraw, some other justification for discovery from the plaintiff on those issues must exist," and finding that the defendants "do not explain, beyond conclusory assertions, why they need more information to make their certification arguments. And they do not elaborate on how learning more about a specific purchase contract, maintenance history, or the sale of certain trucks will further illuminate matters relevant to certification such as how typical those circumstances are among other potential class members. In short, defendants have not demonstrated that, now that new plaintiffs will be stepping in to represent the putative classes, defendants will be prejudiced at the certification stage without the proposed dismissed plaintiffs' responses to the outstanding discovery requests." (citation omitted)).

Defendant's vague reference to potentially relevant information regarding "commonality" fares no better. To satisfy the "commonality"

requirement for class certification under Rule 23(a) plaintiffs must show that the class members' claims depend upon a "common contention." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). However, class members do not need to have every issue in common, because commonality requires only "a single significant question of law or fact" capable of class-wide class resolution. *Mazza v. Am. Honda Motor Co*., 666 F.3d 581, 589 (9th Cir. 2012); *Dukes*, 564 U.S. at 359. Here, the putative class members' claims are clearly based on common contentions, common conduct, and common injuries: they were all Oregon Fred Meyer customers who, after January 1, 2018, paid a 10-cent deposit charge to defendant on an exempt beverage in a container that could not be redeemed for a refund under Oregon law, despite defendant's representations and omissions otherwise, in violation of ORS 646.608(1)(e) and (s) of the UTPA. Doc. 49 ¶¶ 2, 27, 29.

And the Court has already found that all the plaintiffs have sufficiently alleged a viable "diminished value" ascertainable loss based upon defendant's violations of ORS 646.608(1)(e) and (s), because, *inter alia*, a reasonable consumer would assume the additional charges assessed on top of the purchase price were refundable in the event the empty beverage containers were returned," and plaintiffs "have plausibly alleged that the containers were in fact not redeemable and therefore the ten-cent charge was an ascertainable loss." *Solano v.*

*Kroger Co.*, No. 3:18-cv-01488-AC, 2020 WL 7028473, 2020 U.S. Dist. LEXIS 223143, at \*11 (D. Or. Nov. 30, 2020) (cleaned up). The Court has also already correctly found that none of the plaintiffs' (or putative class members') subjective reasons for purchasing the beverages at issue (*i.e.*, that they subjectively relied on defendant's misrepresentations) are irrelevant to show the "diminished value" ascertainable loss that plaintiffs and the putative class members suffered here as a result of defendant's misrepresentations in violation of the UTPA . *Solano*, 2020 WL 7028473, 2020 U.S. Dist. LEXIS 223143, at \*11-14.

In its conferral email, defendant also asserted that these individuals may have information "regarding oral communications with defendant." Ex. 1 at 16. However, given the required elements of the class claims at issue, and the Court's previous rulings,  even *if* any of these Withdrawing Plaintiffs had engaged in any oral communications with defendant (which there is no evidence of), besides being purely speculative, such information would be irrelevant to any Rule 23 certification factor. *See*, *e.g.*, *Click*, 2021 WL 36346952021, U.S. Dist. LEXIS 182938, at \*6-8 ("To the extent that GM speculates that if permitted to complete its discovery as to Click, it might learn something that could impact the class definition or its certification. . . . GM only speculates, saying that it has a 'good faith belief' that some of its discovery might reveal such issues. But it has failed to identify any such

**MOTION FOR VOLUNTARY DISMISSAL** –Page 36 of 49

key fact issues in its discovery requests as being relevant to any specific class certification issue. Rather, it wants to 'explore.'" (citation omitted)); *Doe*, 2009 WL 1423378, 2009 U.S. Dist. LEXIS 42871, at *48 n.5 ("Defendant contends that the information provided about Doe 'offered tantalizing glimpses of the truly individual and unique work patterns that characterize the nurses who make up the proposed class.' This argument goes to issues of class certification, which are not at issue in this Motion and will not be addressed at this time." (citation omitted)).

And even *if* defendant's vague conjecture that oral communications with defendant, or any other unspecified information it seeks, *could* somehow be relevant to certification or the common class claims, there is still no reason to believe that *these* particular individuals are any more likely to possess such information than any of the thousands of other absent class members—or the four remaining proposed representative plaintiffs who are willing and able to continue as proposed class representatives and have recently already been deposed by defendant. *See, e.g.*, *Valenzuela v. Union Pac. R.R. Co.*, No. CV-15-01092-PHX-DGC, 2016 WL 679095, 2016 U.S. Dist. LEXIS 69859, at *14 (D. Ariz. May 27, 2016) ("Defendants have not shown that the information they seek from these individuals is not already known to Defendants, or, if unknown, that it is not available from the class representatives. The Court therefore will not order that the depositions

**MOTION FOR VOLUNTARY DISMISSAL** –Page 37 of 49

be taken." (internal quotation marks and citations omitted)); *Doe*, 2009 WL 1423378, 2009 U.S. Dist. LEXIS 42871, at *52 ("The Court sees no convincing reason for the imposition of conditions on Jane Doe's withdrawal like those suggested by Carondelet. Such conditions seem particularly unnecessary in light of the fact that there are currently three identified class representatives who could be-and, in at least one case, already have been-deposed in her stead. Accordingly, Plaintiff Jane Doe's Motion to Withdraw is granted and her claim is dismissed without prejudice. Jane Doe is relieved of her discovery obligations with respect to this case, including any deposition." (citations omitted)).

As shown by defendant's conferral correspondence, its primary (and only clearly articulated) justification for the need to depose the Withdrawing Plaintiffs is to further inquire into their individual reasons they are no longer able or willing to continue as proposed representative plaintiffs in this case. This is clearly an inadequate basis regarding their individual circumstances, which is also wholly irrelevant to any class certification issue, as these individuals will *not* be seeking appointment as class representatives. As the court correctly found in *Currency Conversion*,

> As noted above, defendants seek to depose the Withdrawing Plaintiffs to learn about the circumstances surrounding their withdrawals. The burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy. Indeed, discovery of absent class members regarding individual

> issues, as opposed to common questions, is inappropriate.
> Here, defendants seek depositions for individual issues,
> and therefore have not overcome their heavy burden to
> justify such a request. Accordingly, this Court holds that
> defendants may not depose the Withdrawing Plaintiffs.

2004 WL 2453927, 2004 U.S. Dist. LEXIS 22320, at *5-6 (internal

quotation marks and citations omitted)); *see also Carr v. Int'l Game

Tech.*, No. 3:09-cv-00584-ECR-WGC, 2012 WL 600825, 2012 U.S. Dist.

LEXIS 22982, at *6-7 (D. Nev. Feb. 22, 2012) ("Further, the Court is

satisfied that Defendants will not be prejudiced by [the plaintiff's]

withdrawal, as there remain four similarly situated named Plaintiffs

who claims do not differ from Ms. Clayton's. Finally, the Court is

satisfied that Ms. Clayton does not seek to dismiss her claims for the

improper purpose of evading discovery, and will therefore not inquire

into her personal reasons for withdrawal.").

    During conferral, defendant cited two cases in support of its

position that the Court should compel the Withdrawing Plaintiffs'

depositions as a condition of their voluntary dismissal: (1) *Dysthe v.

Basic Rsch., L.L.C.*, 273 F.R.D. 625 (C.D. Cal. 2011), and (2) *Burnett v.

Ford Motor Co.*, No. 3:13-cv-14207, 2015 WL 35408862015, 2015 U.S.

Dist. LEXIS 72278 (S.D. W. Va. June 4, 2015). Unlike the cases cited

and summarized by plaintiffs *supra* that correctly applying the correct

legal principles to analogous facts, both of these cases (and other cases

that defendant is likely to subsequently cite to in its response) are

**MOTION FOR VOLUNTARY DISMISSAL** –Page 39 of 49

readily distinguishable and should not be found persuasive here. In *Click*, the court distinguished, and declined to follow, the *Dysthe* court's decision to condition the plaintiff's dismissal on sitting for his deposition, finding that

> the court in [*Dysthe*] ordered the deposition of the withdrawing plaintiff who was present in the case as a named plaintiff when the plaintiffs' class certification motion was filed. The court, noting the late stage in which dismissal was sought, ordered the deposition despite the fact that the certification motion named a different plaintiff to serve as the putative class representative and the withdrawing plaintiff sought dismissal with prejudice.

> The *Dysthe* opinion is replete with references to the belated nature of the withdrawal request. Here, in contrast, the class certification motion has not yet been filed and the timing issues are less concerning. Citing its broad discretion, the *Dysthe* court stated that discovery can and should be ordered against any person known to have experience with the product, whether or not they are a potential party to the case. This Court is unwilling to adopt this expansive construction of discovery in this context.

*Click*, 2021 WL 36346952021, 2021 U.S. Dist. LEXIS 182938, at *9. Similarly, in *Huynh*, *inter alia*, the court distinguished and declined to follow the *Dysthe* court's ruling (and the other cases cited by the defendant in support of conditioning the dismissal of the withdrawing plaintiff to sit for a deposition) by pointing out that, unlike the case at hand, the *Dysthe* court was "ruling on a discovery dispute *after* class certification motion involving Plaintiff who had not yet been dismissed." *Huynh*, 2020 WL 4584198, 2020 U.S. Dist. LEXIS 143932, at *8-9 (emphasis added).

**MOTION FOR VOLUNTARY DISMISSAL** –Page 40 of 49

As to *Burnett*, besides it being an outlier case and failing to correctly apply the requisite legal principles, it is materially incongruent with the facts here. Most significantly, the court found that the defendant made a sufficient showing "that the information [from the former representative plaintiffs' depositions] sought is relevant to common issues and cannot be obtained from other class representatives." *Burnett*, 2015 WL 35408862015, 2015 U.S. Dist. LEXIS 72278, at *8. Specifically, as to supposed relevance to the "commonality" certification requirement in FRCP 23(a)(2), the court found:

> According to Plaintiffs, one common question of fact in this case is "whether Nationwide and Statewide Class members overpaid for their Ford Vehicles as a result of the defects alleged herein." (ECF No. 381-1 at 134). Ford proposes to depose four individuals **who claim to have suffered a[n] economic injury related to Ford's allegedly defective electronic throttle control system, although the individuals apparently never experienced the purported consequence of the defect**; that being, a sudden unintended acceleration of their vehicle. (*See* ECF No. 1). Three of the proposed deponents (Elsinger, Kletchka, and Richardson) bought Ford vehicles, and one proposed deponent (Salamone) leased a Ford vehicle. All four vehicles used by the proposed deponents were different models. Two vehicles were new at the time of purchase, and one was used. **Accordingly, depositions of these individuals could provide relevant and important information regarding the financial injury, if any, associated with the alleged defect when considering different vehicle models, when the vehicle is purchased new versus used, and when the vehicle is bought rather than leased. Information regarding the experiences of these individuals is not available from the current class**

> **representatives and is not entirely within Ford's knowledge.**

*Id*. at *8-9 (emphases added).

As explained *supra*, contrary to *Burnett*, here defendant's vague speculation that the Withdrawing Plaintiffs *may* have some information that may be relevant to "commonality," or any other certification factor, is insufficient to satisfy its burden to impel the further participation of these individuals who cannot or do not want to actively participate in this litigation as named plaintiffs. Unlike in *Burnett*, here there is simply no cogent reason to believe that these particular individuals would have any unique or "relevant and important" information regarding any Rule 23 certification factor or defense that "is not available from the current class representatives and is not entirely within [defendant's] knowledge." *Id*. at *9. These Withdrawing Plaintiffs, like all the putative class members, including the four remaining proposed class representative plaintiffs (whom defendant has already deposed), "purchased [the same brand of] orange juice and that, as a result of Fred Meyer's misrepresentation that the orange juice's container was redeemable for ten cents" and "would be ten cents cheaper upon return of the empty container," had a "purchase price [that] was greater than its objective market value." *Solano*, 2020 WL 7028473, 2020 U.S. Dist. LEXIS 223143, at *14.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 42 of 49

3. **The court should not compel the Withdrawing Plaintiffs to sit for depositions as condition of granting their voluntary dismissals**

In deciding this motion, the Court must make three consecutive determinations: (1) whether to allow dismissal of the Former and Withdrawing Plaintiffs ; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *See Huynh*, 2020 WL 4584198, 2020 U.S. Dist. LEXIS 143932, at *5; *Williams*, 227 F.R.D. at 539. Here, it is plaintiffs' understanding that defendant does not contest the relief requested by plaintiffs in regard to the first two questions: the Former and Withdrawing Plaintiffs' claims should be dismissed without prejudice. Nor could it, because on these facts defendant cannot show "that it will suffer some plain legal prejudice" or that it would be "inequitable or prejudicial to defendant," if the claims of the Withdrawing Plaintiffs are dismissed without prejudice and prior to certification, and will no longer serve as class representatives, simply reverting to the status of non-participating absent class members. *Smith*, 263 F.3d at 975; *Williams*, 227 F.R.D. at 539; *see also Huynh,* 2020 WL 4584198, 2020 U.S. Dist. LEXIS 143932, at *7-8 ('This case, with its remaining named plaintiff, will continue to move forward as planned with or without Cooper's participation as a named or absent class member . . .[;] [t]he Court does not find it would

be inequitable or prejudicial to Defendant to allow Cooper to become an absent class member should the putative class be certified.").

Thus, the parties' dispute only relates to the third prong of the Rule 41(a)(2) analysis. Defendant argues that as a condition of their dismissal without prejudice, the Court should order that the Withdrawing Plaintiffs further participate in this litigation by sitting for depositions,[8] even though they have declared that they are no longer able or willing to do so. However, defendant fails to carry its burden to justify the Court's imposition of this condition on these individuals. Because these Withdrawing Plaintiffs are no longer able or willing to continue to meet the demands required from proposed class representative plaintiffs, they are per se "inadequate representatives" and "due process requires their withdrawal." *Currency Conversion*, 2004 WL 2453927, 2004 U.S. Dist. LEXIS 22320, at *4. And "[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish

---

[8] Plaintiffs are not aware that defendant will be requesting any fees or costs as a condition of this voluntary dismissal, but if it does so in its response, plaintiffs will address any such request in their reply. Suffice it to say that plaintiffs fail to see any significant fees or costs that could be appropriately awarded in these circumstances. *See, e.g.*, *Forney v. First Am. Fin. Corp.* (*In re First Am. Fin. Corp.*), No. SACV 19-1105 DSF(Ex), 2020 WL 7775623, 2020 U.S. Dist. LEXIS 227688, at *4-5 (C.D. Cal. Dec. 3, 2020) (granting former class representative plaintiff's motion to voluntarily dismiss without prejudice and declining to award the defendant's request for fees and costs as a condition of the dismissal).

**MOTION FOR VOLUNTARY DISMISSAL** –Page 44 of 49

to." *Id.* (internal quotation marks and citation omitted). "Requiring the deposition of a withdrawing party, even a class representative, is not a routine matter." *Click*, 2021 WL 3634695, 2021 U.S. Dist. LEXIS 182938, at *12.

After the Court answers the first two questions in the affirmative—that the Withdrawing Plaintiffs claims should be dismissed without prejudice—these individuals will simply become absent class members. "Absent class members are not ordinarily required to submit to discovery; requiring them to respond would undercut the purposes of class certification and effectively create an 'opt in' scheme for absent plaintiffs." *Tierno v. Rite Aid Corp.*, No. C 05-02520 I, 2008 WL 2705089, 2008 U.S. Dist. LEXIS 112461, at *16 (N.D. Cal. July 8, 2008); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) ("[A]n absent class-action plaintiff is not required to do anything."). Although some courts have allowed discovery of absent class members, in very rare circumstances, they have done so only where the party seeking discovery establishes that "(1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the

proponent." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008).

Even *if* the fact that the Withdrawing Plaintiffs were willing and able to seek appointment as a representative plaintiffs in the *past*— when this case was filed over three years ago before a devasting pandemic affected all of our lives so dramatically—is relevant to whether the Court should order their further participation when they are not *currently* able or willing to continue in this role, defendant cannot "articulate[] a sufficient, particularized reason it seeks [the Withdrawing Plaintiffs'] deposition[s]"; therefore "[i]t has not met its burden." *Click*, 2021 WL 3634695, 2021 U.S. Dist. LEXIS 182938, at *12.

Defendant's speculation that the depositions of these individuals "may give clues regarding commonality and typicality of the class claims is insufficient to distinguish [the Withdrawing Plaintiffs] from any other class representative or absent class member"; therefore defendant "has supplied no reason that [the Withdrawing Plaintiffs] should be subjected to this additional discovery." *Id*. And defendant's naked attempt to dig into the reasons for these individuals' personal circumstances regarding the need and desire to withdraw "as opposed to common questions is inappropriate," irrelevant, and does "not overcome their heavy burden to justify such a request." *Currency Conversion*, 2004 WL 2453927, 2004 U.S. Dist. LEXIS 22320, at *5.

**MOTION FOR VOLUNTARY DISMISSAL** –Page 46 of 49

*Before* they formally requested this Court to appoint them as class representatives, these individuals stated that they are no longer able or willing to take on the responsibilities required of class representatives—which primarily comprises responding to discovery, being deposed, and testifying at trial. Therefore, the Court should not compel them to continue against their will and current capacities. And certainly not without defendant demonstrating to the Court that it will suffer some actual cognizable prejudice if it does not do so—which defendant has not done, and cannot do, in these circumstances.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court exercise its discretion to grant plaintiffs' motion allowing dismissal of the former and currently-listed plaintiffs' claims without prejudice and without conditions—including the payment of costs or fees, or being compelled to respond to any outstanding or future discovery requests, or being ordered to sit for depositions as a condition of their voluntary dismissals.

January 21, 2022

**RESPECTFULLY SUBMITTED,**

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiffs
Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

**Daniel J. Nichols, OSB No. 101304**
Of Attorneys for Plaintiffs
dan@hbclawyers.com
Phone and Fax: 503-334-0611

**MOTION FOR VOLUNTARY DISMISSAL** –Page 48 of 49

**LR 7-2(b) CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 9,705 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

**************

**CERTIFICATE OF SERVICE**

I certify I caused this document to be served on all parties by CM/ECF.

January 21, 2022

<u>s/ Kelly D. Jones</u>
**Kelly D. Jones, OSB No. 074217**
Law Office of Kelly D. Jones
Of Attorneys for Plaintiffs
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

**MOTION FOR VOLUNTARY DISMISSAL** –Page 49 of 49