**NOT FOR PUBLICATION**

FILED

MAY 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISHA SOLANO; KATHLEEN ZACH; DENISE CONROY, individually and on behalf of other customers, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> THE KROGER CO., DBA Fred Meyer, Inc., <br><br> Defendant - Appellant. | No. 25-536 <br><br> D.C. No. 3:18-cv-01488-AR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Jeffrey J. Armistead, Magistrate Judge, Presiding

Argued and Submitted February 3, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

The Kroger Company (Fred Meyer) appeals a district court order granting

class certification.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1292(e) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts, we do not recount them here.

Federal Rule of Civil Procedure 23(f).  We review standing de novo, *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 873 (9th Cir. 2011), and the decision to certify a class for abuse of discretion, *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1231 (9th Cir. 2024).  Underlying factual findings are reviewed for clear error.  *In re Palmdale*, 654 F.3d at 873; *DZ Rsrv.*, 96 F.4th at 1232.

Fred Meyer argues that Article III precludes class certification because the class includes unnamed members who have not suffered an injury, and the named plaintiffs' injuries are self-inflicted.  It also argues common issues do not predominate over individual issues.  *See* Fed. R. Civ. P. 23(b)(3).  We reject those arguments and affirm.

1.  Fred Meyer contends that some unnamed class members did not suffer injury as of the time the complaint was filed because they received refunds for the bottle deposits Fred Meyer wrongfully collected from them.  In Fred Meyer's view, this precludes certification because "[n]o class may be certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263–64 (2d Cir. 2006).  To the contrary, we have squarely held that "Article III's requirements are satisfied before a class is certified as long as at least one named plaintiff has standing," regardless of "whether the class action seeks money damages or equitable relief."  *Healy v. Milliman, Inc.*, 164 F.4th 701, 706 (9th Cir. 2026).  Thus, even if the class contains uninjured, unnamed members, at class

certification, our standing inquiry focuses on the named plaintiffs. *See id.* at 708 (holding that unnamed class members must demonstrate evidence of standing "after class certification but prior to trial at summary judgment").

2. Fred Meyer argues the named plaintiffs' claimed injuries cannot support standing because they failed to seek refunds from Fred Meyer for the wrongfully collected bottle deposits. To be sure, "self-inflicted injuries . . . not fairly traceable" to the defendant's conduct do "not give rise to standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013); *see also McConnell v. FEC*, 540 U.S. 93, 228 (2003). But the named plaintiffs' injuries were not self-inflicted, as the record shows only the possibility that they might have been able to obtain a refund if they sought one. Fred Meyer did not issue a product recall, expressly offer refunds, or even notify consumers that it had erroneously charged bottle deposits. Some consumers may have been able to obtain refunds through Fred Meyer's generic customer service programs, but the evidence suggests that Fred Meyer did not consistently provide refunds to customers who requested them. On this record, refunds were not so readily available that the failure to seek them may be fairly characterized as an instance of Plaintiffs "merely . . . inflicting harm on themselves." *Clapper*, 568 U.S. at 416.

3. Fred Meyer argues the district court abused its discretion by concluding that Plaintiffs satisfied the predominance requirement of Federal Rule of Civil

25-536

Procedure 23(b)(3).  Fred Meyer posits that any class member who received a refund has not suffered an injury and contends that determining whether each class member received a refund requires complex, individualized inquiries.  But even assuming that some class members were adequately compensated through refunds, the district court reasonably found that common issues predominated over individual ones.

The possibility that a class "potentially includes more than a de minimis number of uninjured class members" does not preclude certification.  *Olean v. Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (en banc); *see also Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1026–27 (9th Cir. 2024).  "When individualized questions relate to the injury status of class members, Rule 23(b)(3) requires that the court determine whether individualized inquiries about such matters would predominate over common questions."  *Olean*, 31 F.4th at 668; *see also Van v. LLR, Inc.*, 61 F.4th 1053, 1067 (9th Cir. 2023).

Here, the district court's predominance determination "falls within a broad range of permissible conclusions."  *Olean*, 31 F.4th at 669 (citation modified).  All class members suffered a common, ascertainable injury as a result of common conduct: they each paid a 10-cent premium for their orange juice products because Fred Meyer erroneously collected a bottle deposit.  According to Fred Meyer, class members who received refunds either received a full refund for the orange juice

4                                                          25-536

they purchased or a refund of 10 cents.  Thus, class members either: (i) received no refund; (ii) received a refund of 10 cents; or (iii) received a refund for the entire purchase price.  Determining the category into which each class member falls may be an individualized inquiry, but it is not a particularly "involved" one.  *See Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134, 1139 (9th Cir. 2022); *see also Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459, 469–71 (9th Cir. 2023).  Nor does it demand an examination "into the circumstances and motivations behind" tens of thousands of individual discounts.  *See Van*, 61 F.4th at 1069.

**AFFIRMED.**